[No. 3659.]

## ELISHA LOTT *v.* THE STATE.

1. PRACTICE — ARREST OF JUDGMENT.— Article 787 of the Code of Criminal Procedure provides that " a motion in arrest of judgment shall be granted upon any ground which would be good upon exceptions to an indictment or information for any substantial defects therein." Article 528 of the same Code enumerates the four grounds of substantial exception to an indictment, and they do not embrace the ground that the indictment was presented by a grand jury composed of more than twelve persons. It is *held* that, although the statute does not, in terms, provide that the grounds specified shall be the *only* ones available on exception to an indictment, such is clearly its meaning and intent.

2. SAME — CONSTITUTIONAL LAW.— Statutory enactments cannot operate to the extent of depriving a citizen of a constitutional right, or of conferring jurisdiction inhibited by the Constitution.

3. SAME.— The effect of sections 19 and 10 of the Bill of Rights is to declare that no person in this State can be convicted of a criminal offense except by due course of the law of the land, and that no person can be held to answer a felony charge except upon an indictment by a grand jury.

4. SAME — JURISDICTION OF FELONIES.— The district courts of this State alone have jurisdiction to convict of felonies, and their jurisdiction of such cases is dependent upon indictments presented by grand juries.

5. SAME — GRAND JURY — INDICTMENT.— A grand jury in this State, as constituted by section 13 of article V of the Constitution, is composed of twelve men, and no other number, greater or less. Such a grand jury alone can present a valid indictment, and an indictment presented by a purported grand jury composed of any other number of men is an absolute nullity, and incapable of conferring jurisdiction upon any court of this State. Such an error goes to the foundation of the suit, and can be availed of in any manner and at any stage of the proceedings, and even without exception below or on appeal will be revised by this court if apparent of record. See the opinion *in extenso* on the question.

6. PRACTICE — PRIVILEGE OF COUNSEL — CASE STATED.— The counsel for the defendant in this case, in the course of his argument, when discussing the force and effect of confessions, proposed to read to the jury, as a part of his argument, sections 214 and 215 of 1 Greenleaf on Evidence; and, also, in opposition to the argument of the State's counsel as to the importance of evidence of good character, sections 66 and 67 of Wharton's Criminal Evidence; and upon the doctrine of the presumption of innocence, an extract from the opinion of the court of appeals, in *Hampton* v. *The State*, 1 Texas Ct. App., 658. *Held* that, in view of the facts of this case, the court abused its discretion in refusing to permit the counsel to read the authorities cited as a part of his argument.

APPEAL from the District Court of Johnson. Tried below before the Hon. J. M. Hall.

This appeal is prosecuted from the appellant's second conviction under an indictment which charged him with the burglary of the

store-house of H. F. Boyd, in Johnson county, Texas, on the 3d day of October, 1884. It was had upon substantially the same evidence as that which was adduced upon the former trial, and which is set out at length in the report of that case, beginning on page 598 of volume 17 of these Reports. The penalty assessed against the appellant was a term of two years in the penitentiary.

The motions for new trial and in arrest of judgment raised the questions discussed in the opinion.

*W. Poindexter*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. I. After conviction defendant made a motion in arrest of judgment, the ground of the motion being that the grand jury which found and presented the indictment was composed of *thirteen* instead of *twelve* persons. It is clearly shown by the record, and is not disputed, that the ground of the motion is true; that in fact the grand jury was composed of thirteen members. The motion was overruled, and this action of the court is insisted upon by defendant as error.

In an explanation appended to defendant's bill of exceptions taken to the action of the court overruling the motion in arrest of judgment, the trial judge says: "In passing upon the motion in arrest of judgment the court did not consider the argument of counsel as to the organization of the grand jury, because such argument was not sanctioned by the law. But it was a matter known to the court that the grand jury was organized with thirteen men. Such had been the custom of judges. The court does not believe that this is an error or wrong that can be taken advantage of by a motion in arrest of judgment, and for that reason overruled the motion."

It is provided by statute that "a motion in arrest of judgment shall be granted upon any ground which would be good upon exceptions to an indictment or information, for any substantial defect therein." (Code Crim. Proc., art. 787.) Four grounds of substantial exception to an indictment are prescribed (Code Crim. Proc., art. 528), and the ground upon which the motion in arrest of judgment is based is not embraced within any one of them. This presents the question: Can the matter set forth in the motion be considered? Can any other ground than one of the four enumerated in article 528, *supra*, be considered when presented in a motion in arrest of judgment? It will be noticed that article 787, *supra*, does

not, in terms, prescribe that no other grounds than those specified shall be considered or held sufficient. We are of the opinion that, although the statute does not expressly state that the grounds specified shall be the *only* ones, such is clearly the intent of it. In prescribing the grounds for which a judgment shall be arrested, it necessarily implies that all other grounds are excluded. (*Johnson* v. *The State*, 14 Texas Ct. App., 306.)

This exclusion of other grounds could not, however, extend to the extent of depriving the defendant of a constitutional right, nor to the extent of conferring jurisdiction inhibited by the Constitution. Thus, the defendant is entitled to a trial by due course of law in a court of competent jurisdiction. If he is tried in a court having no jurisdiction, he may interpose this objection to the proceeding at any stage thereof, and in any form. So he may interpose the defense of former jeopardy, although this plea is not provided for by our Code. (*Blandford* v. *The State*, 10 Texas Ct. App., 627.)

It is provided in the Bill of Rights of this State, section 19, that "No citizen of this State shall be deprived of life, liberty, property or privileges, outlawed, exiled or in any manner disfranchised, except by due course of the law of the land." And again, it is declared that "No person shall be held to answer for a criminal offense unless on indictment of a grand jury," etc. (Bill of Rights, section 10.)

We see from these provisions that a citizen can only be convicted and punished for a felony by due course of the law of the land, and by authority of an indictment of a grand jury. The district court can only acquire jurisdiction to hear and determine a felony case, by an indictment of a grand jury. It has no more authority to hear and determine a felony case, without an indictment of a grand jury first presented, than would a justice of the peace. No court in this State has such jurisdiction and authority.

What constitutes a grand jury? Our Constitution answers the question plainly and emphatically. It says: "Grand and petit juries in the district courts shall be composed of twelve men; but nine members of a grand jury shall be a quorum to transact business and present bills." (Const., art. V, sec. 13.) There is no authority of law for a grand jury composed of any other number of men than twelve. Thirteen men do not and cannot constitute a grand jury. If thirteen could be considered a grand jury, so could one, five, fifty, or any other number that the fancy of the judge organizing the same might dictate. With respect to a petit jury, it is well settled that it must consist of the exact number prescribed

by the Constitution.   In *Stell* v. *The State*, 14 Texas Ct. App., 59, it is said: "The record must show that the jury was a legal one, and if it does not the error is a radical one which will be considered on appeal, whether properly availed of in the court below or not, because due course of the law of the land demands a legal conviction by a legal jury." (See, also, *Marks* v. *The State*, 10 Texas Ct. App., 334; *Allen* v. *The State*, 54 Ind., 441; *Brown* v. *The State*, 16 Ind., 496; *Hill* v. *The People*, 16 Mich., 351; *Work* v. *The State*, 2 Ohio St. Rep., 296; *S. C.*, 1 Leading Cr. Cas., 482.)   And it has been held that a jury of thirteen is as fatal as one of less than twelve, and their verdict will be set aside.  (*Whitehurst* v. *Davis*, 2 Haywood (N. C.), 113; *Wolfe* v. *Martin*, 1 Howard (Miss.), 30.)

If, then, a trial by petit jury composed of fewer or more than twelve, the constitutional number, be an infringement of the right of trial by jury, and not a trial by "due course of the law of the land," for the same reason the action of a body of men, fewer or more than twelve in number, cannot be regarded as the action of a grand jury.   Such a body of men is unknown to the law, and its acts, being wholly without authority of law, are absolutely null, and a pretended indictment preferred by such body can have no legal standing or effect whatever.   It cannot confer any jurisdiction of the case upon the court.

Our conclusion is that the matter presented by the motion in arrest of judgment is fundamental, and reaches to the very foundation of this prosecution.   It shows that the court in which this trial and conviction were had was without any jurisdiction of the case. Its assumed jurisdiction was in violation of the Bill of Rights. Such being the case, it matters not in what manner, or at what stage of the proceedings, this want of jurisdiction is presented.   If presented for the first time on this appeal, it would be held fatal to the conviction.   Or if it affirmatively appeared from the record that the defendant had been convicted of a felony without being indicted therefor by a grand jury, we would set aside the conviction and dismiss the prosecution for want of jurisdiction in the trial court, although the defendant had not, in any manner, made the objection.

We are aware that the effect of our decision in this case may be to set aside other convictions.   The judge who tried this case seemed to be of the opinion that a grand jury might be composed of thirteen men, and he says it has been the practice of other judges to organize such grand juries.   This is the first time this question has been before this court.   Under the laws in force prior

to our present Constitution and the Revised Statutes, the grand jury was composed of not less than fifteen nor more than twenty members (Penal Code, Title IV, Chap. 1; Pasc. Dig., art. 2802 *et seq.*), and it was the practice under those laws to organize grand juries with any number of men not less than fifteen nor more than twenty. But at that time there was no constitutional provision upon the subject.

It is probable that judges in other districts have also organized illegal grand juries, being misled by the former law and practice, and not having had their attention called to the constitutional requirement we have cited. But, be the consequences what they may, we must be guided and controlled in our decision of the question by the plain mandates of the organic law. And if this organic law is being disregarded, the sooner the error is corrected the better. The Constitution is the fundamental law, and the bulwark of our liberties, and it cannot be too rigidly guarded and maintained in all of its provisions.

It being apparent of record that this conviction has been had without an indictment preferred by a grand jury, the same is without authority of law, and it is therefore set aside and the prosecution is dismissed.

There are several other interesting and important questions presented in the record, which it would be well to discuss and decide, but their decision is not essential to the present disposition of the case, and in the crowded state of our docket we would not be justified in devoting our time to the examination and decision of matters the determination of which may be dispensed with, at least for the present.

There is one question, however, we will allude to, and express our opinion in regard to it, without discussing it, as it is a question of practice. It is as to the action of the court in refusing to permit counsel for the defendant to read law to the jury, or to the court in the hearing of the jury. The bill of exceptions, presenting this action of the court, sets forth the law which the counsel proposed to read, and in our opinion it was pertinent to the case, and the reading proposed was to be within reasonable limits. We think the court did not act within the bounds of a sound discretion, considering the facts of this case, in denying counsel the privilege of reading the law he proposed to read. We cannot better express our views upon this subject than by referring to and adopting the opinion of the supreme court in *Wade* v. *De Witt*, 20 Texas, 398. (See, also, *Dempsey* v. *The State*, 3 Texas Ct. App., 329; *Hines* v. *The*

*State*, Id., 483; *Hudson* v. *The State*, 6 Texas Ct. App., 565; *Foster* v. *The State*, 8 Texas Ct. App., 248; *Harrison* v. *The State*, Id., 183; *Cross* v. *The State*, 11 Texas Ct. App., 84.)

Because the district court did not have jurisdiction to hear and determine the case, there being no indictment of a grand jury to confer such jurisdiction, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered June 26, 1885.]