## BUBBER SIARS V. STATE.

### No. 1360.  Decided November 8, 1911.

**1.—Theft of Horse—Evidence—Other Offenses.**

Where, upon trial of theft of a horse, there was no evidence of another or different offense, the objection on this ground was untenable.

**2.—Same—Motion for New Trial—Practice on Appeal.**

An objection to the admissibility of testimony comes too late when it first appears in the amended motion for new trial.

**3.—Same—Witness under Rule—Officer.**

Where it appeared that the witness, who was excused by the court from the rule, was an officer of the court, there was no error.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. Vance Lewis,* attorney for appellant.—On question of the court's failure to limit testimony as to other offenses: Hargrove v. State, 33 Texas Crim. Rep., 431; Mahoney v. State, id., 388; Sexon v. State, id., 416; Waren v. State, id., 502; Olliver v. State, id., 541; Jackson v. State, id., 281; Bennet v. State, 43 Texas Crim. Rep., 241.

*C. E. Lane,* Assistant Attorney-General, and *Richard G. Maury,* for the State.—On question of limiting the testimony: Pena v. State, 38 Texas Crim. Rep., 333.

HARPER, JUDGE.—Appellant was indicted by the grand jury charged with theft of a horse.  When tried he was adjudged guilty and his punishment assessed at five years in the penitentiary.

The evidence for the State would show that two officers were on the watch for cattle thieves.  They saw defendant pass and repass, where they were hid, several times.  They recognized the defendant, so they say, and the last time he came near to the officers, they walked out in front of him, and called to him to halt, when he jumped from the wagon he was driving and ran.  He fired at the officers after jumping out of the wagon, when the officers also fired at him with a shotgun. He escaped that night but was arrested some weeks later, and when arrested the sheriff and other witnesses testified that his right side had bullet wounds and scars which had the appearance of having been freshly made.  The horse hitched to the wagon was taken to the police station and there identified as the horse of George O'Neill, who testified that the horse had been stolen from him.

The defendant introduced evidence to show that the officers were mistaken about him being the man who jumped out of the wagon, and

that he was at another and different place. That the wounds on his body were old wounds, and he had been shot accidentally by his brother some twelve or thirteen years prior to this time.

There is but one bill of exceptions in the record. The bill tendered by appellant was refused by the court, the district attorney refusing to agree thereto, but the court prepares and files a bill in lieu thereof. The bill relates to the cross-examination of defendant, and the objection was that no testimony was admissible of the commission of another and different offense than that for which he was on trial. The defendant was testifying about the examining trial held by Justice McDonald, when the following proceedings were had:

"Q. You say that you were brought there twice? A. Yes, sir. Q. What was the other one for? A. Once on this and once on— Defendant: We object to that, he is on trial for the theft of the horse now. Court: The State has a right to show that he has been charged with other crimes, that simply goes to his credibility as a witness, not as to his guilt or innocence in this case and I will control that in the charge to the jury. Defendant: It is my opinion that if a man has been convicted or charged with a crime that the indictment or judgment of sentence is specific. Court: That is one way to do it. Defendant: I object to anything but that specificness. Court: State your bill now. Defendant: I take a bill on the ground that nothing authenticated has been introduced. Court: Overruled. Defendant: I except. Q. I will ask you if you did not make a statement to Judge McDonald on one of the occasions when you were before him as to how he got those shots there. A. No, sir, never did make any statement to him."

As will be seen no testimony of another or different offense was elicited. While the court held the district attorney could do so, if he desired, for the purpose of affecting the credibility of the witness, yet it was not pressed; consequently there was nothing for the court to limit in his charge. And when the witness testified that "he had never made a statement" to the justice, the district attorney did not attempt to prove he had done so. This matter presents no error.

In his motion for new trial, defendant complains of the testimony of the witnesses T. A. Binford, J. E. Fife, Duff Voss and George O'Neill in certain particulars. There are no bills of exception, and nothing in the record to suggest that this testimony was objected to on the trial of the case, and objection to the admissibility of testimony comes too late when it first appears in the amended motion for a new trial.

The rule was demanded, but the sheriff was not placed under the rule, and when he was called as a witness, the motion for a new trial says, the defendant objected to him testifying because he had been permitted to remain in the court room. Mr. Anderson, the sheriff, was an officer of the court, and the court did not err in permitting him to remain in the court room.

There being no matter properly presented presenting any error, and the two officers positively identifying appellant as the man who had the stolen horse in his possession, the judgment is affirmed.

*Affirmed.*