EX PARTE DONALD E. COVIN

No. 27,555. April 6, 1955

*M. Neal Smith,* Longview, for relator.

*David Moore,* Criminal District Attorney, *Paul J. McClung,* Assistant Criminal District Attorney, Longview, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is a habeas corpus proceeding in which the relator seeks his release from the penitentiary where he is being confined under a sentence of life imprisonment assessed against him in the 124th Judicial District Court of Gregg County on April 8, 1943.

The petition for the writ was presented to the Honorable Fred Erisman, Judge of the 124th Judicial District Court of Gregg County. Upon a hearing before the Honorable Sam B. Hall, presiding in such court, the writ of habeas corpus was ordered issued and made returnable to this court as provided in Article 119, Vernon's Ann. C.C.P.

The facts, as certified to this court, show that the relator was indicted for the offense of murder on April 15, 1935, by a grand jury organized and impaneled in Gregg County, Texas, on March 4, 1935, for the March-April Term of the 124th Judicial District Court; that on April 24, 1935, relator was tried under such indictment in Cause No. 1766-B on the docket of said court and was by the jury verdict found guilty and assessed the death penalty. Upon appeal to this court the judgment of conviction was affirmed and mandate issued on May 1, 1936. See

Covin v. State, 130 Texas Cr. R. 285, 93 S.W. 2d 428. On June 1, 1936, upon a sanity hearing relator was adjudged insane and placed in the Texas State Hospital at Rusk, Texas. Thereafter, on March 23, 1943, the relator's death sentence was commuted by the Governor of Texas to life imprisonment. On April 8th, relator, upon a sanity hearing, was found sane by a jury and on such date was sentenced under the judgment of conviction in Cause No. 1766-B to serve not less than two years nor more than life in the state penitentiary, where he is now being confined under said sentence.

Relator alleges that the indictment under which he was convicted is void because the same was presented by an illegal grand jury in that three members thereof had not paid their poll taxes within the time required by law, and that such three named grand jurors did not possess the qualifications for serving on such grand jury as provided in Article 399, Vernon's Ann. C.C.P., which reads in part as follows:

"No person shall be selected or serve as a grand juror who does not possess the following qualifications:

"1. He must be a citizen of the State, and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county; but, whenever it shall be made to appear to the court that the requisite number of jurors who have paid their poll taxes can not be found within the county, the court shall not regard the payment of poll taxes as a qualification for service as a juror."

Relator further alleges that at the time the three grand jurors were placed upon the grand jury there were enough qualified citizens in Gregg County who were qualified voters to serve on such grand jury.

It is relator's contention that the court was without authority or jurisdiction to try the case against him because the indictment was void by reason of having been returned by an illegal grand jury; that for such reason he is being illegally confined under a void judgment and sentence and should be discharged.

We conclude that relator cannot in this proceeding, for the first time, question the qualifications and legality of the grand jury which returned the indictment against him upon the grounds here urged.

In view of our disposition of the case it does not become necessary to set out the evidence adduced upon the issue of the voting qualifications of the three grand jurors whose qualifications are now being challenged.

Article 358, V.A.C.C.P., provides:

"Before the grand jury has been impaneled, any person may challenge the array of jurors or any person presented as a grand juror. In no other way shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall upon his request be brought into court to make such challenge."

Article 362, V.A.C.C.P., provides in part:

"A challenge to a particular grand juror may be made orally for the following causes only.

"1. That he is not a qualified grand juror."

Under the above statutes an accused has the right to question the legality of a grand jury or the qualifications of its members by challenge to the array before the grand jury is impaneled. The challenge may be made by motion to quash the indictment where the accused has not had an opportunity to challenge the array, or the offense was committed after the grand jury was impaneled. Carter v. State, 39 Texas Cr. R. 345, 46 S.W. 236, 48 S.W. 508; and Turner v. State, 148 Texas Cr. R. 491, 187 S.W. 2d 991.

The record shows that the grand jury which returned the indictment against relator was impaneled prior to the alleged date of the offense. Under such facts relator was not required to challenge the array before the grand jury was impaneled, but he had the right to challenge the qualifications of the grand jurors by motion to quash the indictment. The record reflects that no such motion was filed.

In Tyson v. State, 146 Texas Cr. R. 128, 171 S.W. 2d 496, it was held that where an accused had an opportunity to challenge the qualifications of the grand jurors by motion to quash the indictment but failed to do so, he waived the objections and could not thereafter on a subsequent trial of the case raise the objection by motion to quash.

We conclude that the judgment of conviction is not void,

and under the record before us, it is shown that relator has waived any objections which he may have had to the qualifications of the grand jury which presented the indictment against him. Such objections having been waived, they therefore come too late in this proceeding.

The relief prayed for by the writ of habeas corpus is denied.

Opinion approved by the court.