**Ex parte John Winston PRINCE.**

No. 35843.

Court of Criminal Appeals of Texas.

May 8, 1963.

Relator represented himself.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner attacks as void the conviction by virtue of which he is confined and alleges that members of his race were excluded from the grand jury which indicted him and from the jury which tried him. Appellant was represented in the trial court by counsel and appealed his conviction to this Court. Prince v. State, Tex.Cr.App., 336 S.W.2d 140. Petitioner did not raise this question either in the trial court or in this Court.

The burden was upon petitioner to prove that persons of the Negro race were discriminated against in the selection of juries. Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866. Having failed to even raise this issue at his trial, he cannot now seek to collaterally prove discrimination. See Ex parte Bronson, 158 Tex.Cr.R. 133, 254 S.W.2d 117, and Ex parte Covin, 161 Tex.Cr.R. 320, 277 S.W.2d 109.

Petitioner does not allege that such discrimination was unknown to him and to his attorney at the time of his trial so as to bring his case within the rule announced in

Williams v. Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161, and Avery v. Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244, and as followed by this Court in Singleton v. State, Tex.Cr.App., 346 S.W.2d 328.

As we construe the holding of the Supreme Court of the United States in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, petitioner knowingly forewent the privilege of seeking to vindicate his Federal claim when he did not raise the question at any stage of his State court proceedings.

The relief prayed for is denied.