Jackie Benard **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–81–0023–CR.

Court of Appeals of Texas,
Tyler.

April 29, 1982.

Rehearing Denied May 20, 1982.

Discretionary Review Refused
July 21, 1982.

Thomas R. McLeroy, Jr., McLeroy & McLeroy, Center, for appellant.

William S. Warren, John S. Walker, Center, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction of delivery of a controlled substance, phenmetrazine. Appellant was convicted of the offense by a jury after a plea of not guilty. The jury assessed appellant's punishment at ten years confinement in the Texas Department of Corrections and a fine of $5,000.00. From this conviction appellant brings this appeal.

We affirm.

Appellant's first ground of error contends the trial court erred in failing to dismiss the prosecution pursuant to his speedy trial motion under Tex.Code Crim.Pro.Ann., art. 32A.02 (Vernon Supp.1982).

The record indicates that appellant was indicted on August 14, 1980. Contemporaneously the State filed a written announcement that it was ready for trial. Counsel was appointed by the court to represent appellant on November 3, 1980. On March 17, 1981, appellant filed his motion for dismissal under the "Speedy Trial Act." Appellant's motion was subsequently overruled.

█ The State is not required to communicate in any fashion its readiness for trial until after the Defendant moves for dismissal under the "Speedy Trial Act." *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App. 1979); *Fraire v. State*, 588 S.W.2d 789 (Tex. Cr.App.1979). When a defendant moves for dismissal, the State must then declare its readiness for trial at that time and at all times applicable, whereupon the State's declaration is then *prima facie* evidence of readiness. *Barfield v. State*, supra; *Fraire v. State*, supra. Defendant must then produce evidence of the State's unpreparedness. *Barfield v. State*, supra.

█ Appellant's evidence established that he had not at any time since his indictment attempted to avoid apprehension and was, at all times, ready to proceed to trial; that defendant never waived his right to a speedy trial; that during the year, 1980, a total of two criminal cases were disposed of upon pleas of not guilty in trials before the court, one criminal case. was disposed of upon a plea of guilty where the punishment was tried to a jury, and in all of 1980 only ten criminal cases were tried to a jury; that between January 1979 and December 1980 there was an increase of 209 in the number of cases pending on the criminal docket of the 123rd Judicial District Court, or an increase in the case load of 54 per cent; and. that defendant was not arraigned until March 20, 1981.

We do not believe that appellant has met his burden of proof. Evidence that appellant had not been prosecuted does not equate to evidence that the State was not at all times ready to prosecute. Appellant's first ground of error is overruled.

Appellant's second ground of error contends the trial court committed error in permitting the State to question the appellant concerning two prior felony convictions.

Defendant testified in his own behalf at the guilt or innocent stage of his trial. On cross-examination, defendant was asked whether or not he had ever been convicted of a felony and replied in the affirmative. Over Defendant's objections, the State was permitted to inquire regarding the number of prior felonies for which defendant had been convicted and whether or not he was the same defendant who had been convicted of possession of marihuana and burglary in certain specified suits.

Appellant contends that while it was permissible for the State to impeach the appellant by showing prior felony convictions, the State should not have gone into the details or nature of the offenses. Appellant contends that by stating the nature of the offense the State violated the rule against using collateral matters and extraneous offenses for impeachment purposes, injected prejudicial matters upon issues not material to the case and exceeded the scope of proper impeachment.

We find no merit in appellant's argument.

█ The rule of this jurisdiction is that a witness by testifying places his credibility in issue, and that the opposing party may seek to impeach that credibility by proof that the witness has been convicted previously of any felony offense. *Taylor v. State*, 612 S.W.2d 566 (Tex.Cr.App.1981). The rule is fully applicable when it is the defendant who is testifying. *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977). Appellant's second ground of error is overruled.

Appellant's last contention is that the trial court erred in failing to set aside the indictment because of alleged illegal attempts to influence the grand jury by the Sheriff of Shelby County. Testimony at a hearing to quash appellant's indictment revealed that the grand jury for the July 1980 term of the 123rd Judicial District Court of

Shelby County, Texas, was impaneled by the Court on July 7, 1980. The grand jury deliberated for two or three days, and, thereafter, made its report to the Court on July 14, 1980. On August 8, 1980, without court action, and apparently without the knowledge of the Court and its officers, eleven members of the grand jury assembled at a place not the regularly designated meeting place for the grand jury. The meeting was arranged by a grand juror with the cooperation of the Sheriff of Shelby County, Texas.

The Sheriff of Shelby County and a deputy were present at the meeting with the eleven grand jurors. The meeting was informal, and no sworn testimony was taken. After attempting to place the grand jurors under an oath of secrecy, the sheriff informed those present of the pendency of unspecified events related to his efforts to enforce the narcotic laws. The sheriff, after announcing that he had been waiting for the right grand jury to present drug cases to, requested those present to indicate their support for his endeavors, presumably by favorable action by the grand jury on cases presented to it.

Subsequently, the grand jury was reassembled by order of the 123rd Judicial District Court, and appellant was indicted.

 Although we strongly condemn the actions of the Sheriff in meeting with individuals who were members of the grand jury, we do not believe that under the facts of this case the trial court erred in failing to quash the indictment. Each and every member of the grand jury who attended the informal meeting testified that none of the cases which were formally presented on August 14, 1980, were discussed and that the meeting of August 8, 1980, had no bearing whatsoever on the actions taken by the individual grand juror in their formal session of August 14, 1980. Absent some proof that the August 8 meeting tainted the grand jury deliberations we must assume that there was sufficient reason and evidence to indict appellant. *Ex parte Becker*, 459 S.W.2d 442 (Tex.Cr.App.1970). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.

MOORE, J., not sitting.