**Gloria Ann ROMO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0167–CR.**

Court of Appeals of Texas, Tyler.

Sept. 10, 1982.

Grover Russell, Jr., Center, for appellant.

which expenses were allowed in the present case.

Bill Warren, Center, for appellee.

McKAY, Justice.

This is an appeal from a conviction for the delivery of a controlled substance. Appellant plead guilty to the offense and was sentenced by a jury to ten years confinement in the Texas Department of Corrections and a fine of $2,500.00.

■ Appellant in her first ground of error contends the trial court erred in denying her motion to set aside the indictment for the reason that said indictment was returned by a grand jury that had been unduly and improperly influenced at an illegal meeting of eleven grand jurors prior to the reconvening of the grand jury and the returning of said indictment by said grand jury. Appellant contends that she was denied due process and equal protection of the laws of the United States and the State of Texas. Testimony, received by stipulation from both the State and the defense from a pre-trial hearing in another case but with the identical issue, revealed that the grand jury for the July 1980 term of the 123rd Judicial District Court of Shelby County, Texas, was impaneled by the court on July 7, 1980.[1]

The grand jury deliberated for two or three days and made its report to the court on July 14, 1980. On August 8, 1980, eleven members of the grand jury assembled at a place that was not the regularly designated meeting place for the grand jury without the knowledge of the court or its officers. The meeting was arranged by a grand juror with the cooperation of the Sheriff of Shelby County, Texas.

The sheriff and a deputy were present at the meeting with the eleven grand jurors. The meeting was informal, and no sworn testimony was taken. After attempting to place the grand jurors under an oath of secrecy, the sheriff informed those present of the pendency of unspecified events related to his efforts to enforce the narcotic laws. The sheriff requested the support of

the grand jury, presumably by favorable action by the grand jury on cases presented to it.

The grand jury was later reassembled by order of the 123rd Judicial District Court, and appellant was indicted.

We have previously stated in *Jackie Benard Williams v. State*, 634 S.W.2d 37 (Tex. App., Tyler, 1982), that we strongly condemn the actions of the sheriff in meeting with the grand jury, but we do not believe that under the facts of this case the trial court erred in denying the motion to set aside the indictment. The members of the grand jury who attended the meeting each testified that none of the cases which were formally presented on August 14, 1980, were discussed at the August 8, 1980, meeting. Also each testified that the meeting had no bearing whatsoever on the actions taken by the individual grand jurors in their formal session of August 14, 1980. Absent some proof that the August 8, 1980 meeting tainted the grand jury deliberations we must assume that there was sufficient reason and evidence to indict the appellant. *Ex parte Becker*, 459 S.W.2d 442 (Tex.Cr.App.1970). Appellant's first ground of error is overruled.

In her second ground of error appellant contends the trial court erred in denying defendant's motion to set aside the indictment on the basis that appellant had no actual or constructive notice of the grand jury proceedings and was therefore denied the right to challenge the array of the individual members of the grand jury and of her right to an examining trial depriving her of due process and equal protection of the laws of the United States and the State of Texas.

■ Article 19.27, V.A.C.C.P., provides that any person may challenge the array of jurors or any person presented as a grand juror before the grand jury has been impaneled. The appellant was indicted after the grand jury had been impaneled. Where the accused has not had an opportunity to

---

1. Statement of Facts from pre-trial hearing in *The State of Texas v. Billy Gene Bridges, Jr.*

Cause # 11,504 were admitted into evidence by stipulation.

challenge the array prior to impanelment, a challenge may be made by a motion to quash the indictment. *Ex parte Covin,* 161 Tex.Cr.R. 320, 277 S.W.2d 109 (1955).

█ Appellant filed a motion to set aside the indictment which included a challenge to the array of the grand jury and the individual members of the grand jury. Appellant and the State stipulated to the evidence and testimony offered at an earlier hearing of a different defendant but involving the identical issues and parties other than the appellant. The trial court overruled and denied the motion. We find no reversible error.

█ Appellant next contends that it was reversible error in that she was denied the right to an examining trial. We do not agree. It is well established that the return of an indictment terminates any right to an examining trial. Article 16.01 Tex.Code Crim.Proc.; *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976).

The judgment of the trial court is affirmed.