Billy Gene BRIDGES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0135–CR.

Court of Appeals of Texas, Tyler.

Nov. 18, 1982.

Rehearing Denied Dec. 10, 1982.

Discretionary Review Refused March 9, 1983.

Application for Writ of Certiorari June 3, 1983.

Discretionary Review Refused March 9, 1983.

Bill F. Griffin, Jr., Center, for appellant.

Bill Warren, Sp. Asst. Dist. Atty., John S. Walker, Dist. Atty., Center, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction of the offense of delivery of marihuana. Appellant was indicted for selling marihuana to an undercover agent of the Department of Public Safety. The jury assessed punishment at six (6) years confinement in the Texas Department of Corrections.

We affirm.

Appellant raises eleven grounds of error. In his first ground of error, appellant contends the trial court erred in denying the defendant's motion to set aside the indictment because the grand jury had been unduly influenced prior to returning said indictment at an unauthorized meeting of eleven members of said grand jurors.

On August 8, 1980, eleven members of the grand jury assembled at a place that was not the regularly designated meeting place for the grand jury without the knowledge of the court or its officers. The meeting was arranged by a grand juror with the cooperation of the Sheriff of Shelby County, Texas. The sheriff and a deputy were present at the meeting with the eleven grand jurors. The meeting was informal, and no sworn testimony was taken. After attempting to place the grand jurors under an oath of secrecy, the sheriff informed

those present of the pendency of unspecified events related to his efforts to enforce the narcotic laws. The sheriff requested the support of the grand jury, presumably by favorable action by the grand jury on cases presented to it. The grand jury was later reassembled by order of the 123rd Judicial District Court, and appellant was indicted.

We have previously stated in *Williams v. State,* 634 S.W.2d 37, 39 (Tex.App.—Tyler 1982) and *Romo v. State,* 641 S.W.2d 390 (Tex.App.—Tyler 1982) that we strongly condemn the actions of the sheriff in meeting with individuals who were members of the grand jury, but we do not believe that under the facts of this case the trial court erred in denying the motion to set aside the indictment. Each member of the grand jury who attended the meeting testified that none of the cases which were formally presented on August 14, 1980, were discussed at the August 8, 1980, meeting. Also, each testified that the meeting had no bearing whatsoever on the actions taken by the individual grand jurors in their formal session of August 14, 1980. Absent some proof that the August 8, 1980 meeting tainted the grand jury deliberations we must assume that there was sufficient reason and evidence to indict the appellant. *Ex parte Becker,* 459 S.W.2d 442 (Tex.Cr.App.1970). Appellant's first ground of error is overruled.

■ In his eleventh ground of error appellant contends the court erred in denying his motion to set aside the indictment after it was discovered that two witnesses appeared before the grand jury at the same time. The record reflects that two witnesses, Curtis Beckham and Marvin McLeroy, testified together before the grand jury. This is similar to the facts in *Minton v. State,* 468 S.W.2d 426 (Tex.Cr.App.1971) except there is no contention the two witnesses were "coordinating" testimony. It bears more similarity to *Baldwin v. State,* 478 S.W.2d 476 (Tex.Cr.App.1972) where witnesses testified in each others presence.

The rule in Texas is that "when the jurors are not deliberating or voting the pres-ence of persons who have official business in the jury chamber, such as police officers or stenographers, is not discountenanced." 27 Tex.Jur.2d 261, § 44. See: *Lopez v. State,* 158 Tex.Cr.R. 16, 252 S.W.2d 701 (1952); *Tinker v. State,* 95 Tex.Cr.R. 143, 253 S.W. 531 (1923). No reversible error is shown. Appellant's eleventh ground of error is overruled.

■ In his tenth ground of error appellant contends the trial court erred in excusing Sheriff Paul Ross from the rule during the hearing on defendant's motion to set aside the indictment. We do not agree. The refusal of the court to place the Sheriff under the rule, where he was a witness, is not an abuse of discretion, where there is no showing of prejudice. See: *Hahn v. State,* 73 Tex.Cr.R. 409, 165 S.W. 218 (1914); *Siars v. State,* 63 Tex.Cr.R. 567, 140 S.W. 777 (1911); *Allen v. State,* 536 S.W.2d 364 (Tex.Cr.App.1976). Appellant's tenth ground of error is overruled.

Appellant's fifth ground of error complains that the court erred in overruling appellant's motion for mistrial on the basis that the State's closing argument was inflammatory and served to arouse the passion or prejudice of the jury. The record reflects this argument was made in the guilt-innocence phase, not in the punishment phase as stated in appellant's brief. The State in such argument stated:

MR. WARREN: The thought occurred to me as I was listening to counsel argue to you that under this evidence you simply can't find the defendant guilty. You was told this again, and again, you just can't find the defendant guilty, you just can't do it. Well, if you can't find this defendant guilty, Ladies and Gentlemen, I have got a briefcase full of cases I am going to have to throw out. If you can't find the defendant guilty on uncontested, uncontroverted, clear and unequivocal testimony like you have heard in this case—

MR. BILL GRIFFIN: (Interposing) Your Honor—

MR. BILL WARREN: (Continuing)— there is no case where you can.

MR. BILL GRIFFIN: (Continuing)—the very point that I brought out, the District Attorney is trying to make an example by his argument when he said he would have to dismiss all of his cases. That simply is not true and I wish the Court would instruct the jury to disregard that remark, the remark that he made.

THE COURT: You are so instructed, Ladies and Gentlemen of the Jury.

MR. BILL GRIFFIN: Thank you.

THE COURT: That portion of the argument is withdrawn from your consideration.

After the court sent the jury to the jury room for deliberation, appellant's attorney made a motion for mistrial which was overruled by the court.

▮ In light of the court's instruction to disregard, error, if any, in such argument was rendered harmless. Appellant did not at the time of such instruction move for a mistrial or request the court to take any further action. It appears that at such time appellant was satisfied with the action of the court, and he is in no position to now complain. *Williams v. State,* 427 S.W.2d 868, 873 (Tex.Cr.App.1967). The filing of the motion for mistrial clearly came too late. In light of the record, no reversible error is shown and appellant's fifth ground of error is overruled.

▮ Appellant in his sixth ground of error complains that the court erred in overruling appellant's objection and motion for mistrial to the argument of the District Attorney in the punishment phase of the trial. Appellant complains that the argument was not a plea for law enforcement and was prejudicial. We do not agree. A review of the argument to which the objection was made reveals the prosecutor was making a plea for law enforcement. *Campbell v. State,* 610 S.W.2d 754 (Tex.Cr.App. 1980). Appellant's sixth ground of error is overruled.

▮ In his seventh ground, appellant contends the court erred in overruling appellant's objection to the State questioning

the appellant as to guilt or innocence during the punishment phase of the trial. We find no reversible error. When a defendant voluntarily takes the stand during his trial, he is on the stand for all purposes and may be properly questioned about the facts of the case and made to give evidence against himself. *Williams v. State,* 607 S.W.2d 577 (Tex.Cr.App.1980); *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980). Appellant's seventh ground of error is overruled.

In his second, third, fourth, eighth, and ninth grounds of error appellant contends that the trial court erred as follows: (2) in denying Defendant's First Motion for Continuance on account of the absence of a witness; (3) in overruling and denying Defendant's Motion for Instructed Verdict; (4) in denying and refusing to submit Appellant's requested charge to the jury; (8) in allowing the undercover agent, Curtis Beckham, to testify about matters previously ruled to be excluded by Appellant's Motion in Limine; (9) in overruling Appellant's Motion to Dismiss for th ereason that the indictment failed to allege the amount of the controlled substance. We need not reach the merits of these contentions. During the punishment phase of the trial appellant took the stand and admitted that he sold a pound of marihuana to Curtis Beckham on the courthouse square of Center, Shelby County, Texas, on June 18, 1980. He testified he received three hundred ($300.00) dollars for the marihuana.

▮ The error, if any, in the court's denial of a continuance on account of the absence of a possible witness to the sale is waived. Also, any error, if any, in the court's denial of the motion for instructed verdict is waived. *Garcia v. State,* 522 S.W.2d 203 (Tex.Cr.App.1975); *Boothe v. State,* 474 S.W.2d 219 (Tex.Cr.App.1971); *Richardson v. State,* 458 S.W.2d 665 (Tex. Cr.App.1970). We further find any error, if any, in the court's refusal to submit appellant's requested charge is waived. *Hunt v. State,* 625 S.W.2d 405 (Tex.App.1981). Error, if any, in the court's allowing the content of the conversation between agent Beckham and Elbert Ray Thompson into

evidence is waived by the judicial confession. *Reeves v. State,* 566 S.W.2d 630 (Tex. Cr.App.1978).

█ Lastly, error, if any, in the overruling of appellant's motion to dismiss because the indictment did not allege the amount of marihuana sold is waived by the appellant's testimony that he received three hundred ($300.00) dollars for the marihuana as alleged in the indictment. Art. 4476–15, § 4.05(d) and (f) V.A.T.S.[1] provides that the delivery of marihuana for remuneration is a felony offense. Also see: *Tovar v. State,* 612 S.W.2d 616 (Tex.Cr.App.1981).

Appellant's second, third, fourth, eighth and ninth grounds of error are overruled.

The judgment of conviction is affirmed.

---

1. This reference is to said Statute as it existed prior to the 1981 amendment, effective September 1, 1981.