TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00624-CR







Tony Mize, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 932195, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of robbery. Tex. Penal Code Ann. § 29.02 (West
1994). (1) The district court assessed punishment, enhanced by two previous felony convictions, at
imprisonment for forty-five years. In four points of error, appellant contends the district court
erred by overruling his motion for new trial.

 Appellant first urges that the indictment in this cause was void because a member
of the grand jury that returned it was under legal accusation for theft and therefore not qualified
to serve. Tex. Code Crim. Proc. Ann. art. 19.08(5) (West Supp. 1995). It is undisputed that at
all relevant times an information was pending against one of the grand jurors accusing him of
misdemeanor theft.

 No person may be held to answer to a felony offense except by grand jury
indictment. Tex. Const. art. I, § 10. A grand jury must be composed of twelve persons. Tex.
Const. art. V, § 13; Lott v. State, 18 Tex. Ct. App. 627, 629 (1885). Appellant argues that the
constitutional mandate of twelve grand jurors means twelve qualified grand jurors. Because one
of the grand jurors in this cause was legally disqualified, appellant urges that he was indicted by
a grand jury composed, in effect, of eleven persons. Appellant relies on opinions holding that an
indictment returned by a grand jury having other than twelve members is void and incapable of
conferring jurisdiction on the district court. Ogle v. State, 63 S.W. 1009, 1012 (Tex. Crim. App.
1901) (thirteen members); Ex parte Reynolds, 34 S.W. 120, 121 (Tex. Crim. App. 1896)
(fourteen members); Lott, 18 Tex. Ct. App. at 630 (thirteen members). (2) 

 We find appellant's argument unpersuasive because, while the constitution requires
that a grand jury have twelve members, the duty of determining the qualifications for grand jury
membership is constitutionally delegated to the legislature. Tex. Const. art. XVI, § 19. The
qualifications for grand jury membership are found in article 19.08, not in the constitution. 
Moreover, a challenge to the grand jury array or to any particular grand juror must be made
before the grand jury is impaneled. Tex. Code Crim. Proc. Ann. art. 19.27 (West 1977). If a
defendant cannot make his challenge before the grand jury is impaneled, the challenge may be
made by a pretrial motion to quash the indictment. Muniz v. State, 672 S.W.2d 804, 807 (Tex.
Crim. App. 1984); Ex parte Covin, 277 S.W.2d 109, 111 (Tex. Crim. App. 1955). In Covin, the
court held that an indictment returned by a grand jury on which three disqualified jurors served
was not void, and that the defendant waived any objection to the qualifications of the grand jurors
by not challenging them in a motion to quash.

 The practice and procedures relating to the use of indictments, including their
sufficiency and requisites, are as provided by law. Tex. Const. art. V, § 12. That an indictment
was returned by an unlawfully chosen or empaneled grand jury is a defect of form that is waived
if the defendant does not object before trial begins. Tex. Code Crim. Proc. Ann. arts. 1.14(b)
(West Supp. 1995), 27.09(3) (West 1989).

 The grand jury that returned the indictment in this cause was composed of the
constitutionally required twelve members. Although one of those members was statutorily
disqualified to serve, the indictment was not void for that reason and appellant waived his right
to complain of the disqualified grand juror by failing to timely object prior to trial. Covin, 277
S.W.2d at 111; Tex. Code Crim. Proc. Ann. arts. 1.14(b), 19.27. Points of error one, two, and
three are overruled.

 Finally, appellant contends the district court erred by overruling his motion for new
trial based on ineffectiveness of counsel. Appellant urges that trial counsel was ineffective
because he did not discover and object to the disqualified grand juror prior to trial. At the
hearing, counsel testified that he did not become aware of the requirements of article 19.08 until
after appellant's trial. 

 To prevail on a claim of ineffective assistance of counsel, an appellant generally
must show that counsel made such serious errors that he was not functioning effectively as counsel
and that these errors prejudiced the appellant's defense to such a degree that he was deprived of
a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). A defendant
is not entitled to errorless counsel. Ex parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin
1993, pet. ref'd). The effectiveness of counsel is judged by the totality of the representation
provided, not by isolated acts or omissions. Id. As the district court remarked at the hearing
below, effective assistance does not mean that every "possible and conceivable stone must be
overturned in every case."

 We believe that appellant has failed to demonstrate that trial counsel's performance
as a whole outside the broad range of reasonable professional assistance. Appellant's trial counsel
filed and prosecuted pretrial motions for discovery and to suppress evidence, conducted an
extensive voir dire examination, secured the appointment of a fingerprint expert to assist in the
cross-examination of the State's expert, cross-examined the other State witnesses, and presented
appellant's defense through several witnesses including (despite counsel's advice) appellant
himself. Appellant voices no complaint regarding any of these matters. Further, given the
likelihood of reindictment had the disqualification of the grand juror been discovered, appellant
has failed to show that counsel's single error prejudiced him to such a degree that he was deprived
of a fair trial. Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: April 26, 1995

Do Not Publish
1.   Section 29.02 was amended in a nonsubstantive way after this offense was committed.
2.   Appellant also refers us to obsolete opinions holding an indictment void if returned by
a grand jury on which women served as members. Stroud v. State, 235 S.W. 214 (Tex. Crim.
App. 1921); Harper v. State, 234 S.W. 909, 911 (Tex. Crim. App. 1921). The requirement that
grand jurors be male, like the requirement that grand jurors be twelve in number, was found in
the constitution. The grand juror in this cause, on the other hand, was not constitutionally
forbidden to serve, but merely statutorily disqualified.