

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00190-CR

MARK EDWARD COVINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1524733

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Shortly before Mark Edward Covington was to be tried on charges of forgery and possession of a controlled substance, prospective State's witness, Wanda Henderson, received a letter making certain threats against her unless she dropped the forgery charges and refused to testify. As a result of this letter, Covington was charged with, and convicted of, two counts[1] of witness tampering.[2] During the witness-tampering trial, evidence varied regarding whether Covington personally penned the letter or encouraged Steve O'Donnell to write it, in other words, whether Covington was criminally responsible as a primary actor or as a party.

On appeal, Covington complains that the jury was improperly allowed to reach a verdict without being unanimous and that the trial court erroneously failed to inquire about qualifications of grand jurors. We affirm the trial court's judgment, because (1) there was no lack-of-unanimity charge error regarding Covington's liability as a primary actor or as a party and (2) no issue was preserved regarding grand jurors' qualifications.

*(1)*     *There Was No Lack-of-Unanimity Charge Error Regarding Covington's Liability as a*
        *Primary Actor or as a Party*

The jury charge allowed the jury to find Covington guilty of witness tampering without agreeing unanimously on whether Covington acted as a primary actor or as a party. Covington

---

[1]*See* TEX. PENAL CODE ANN. § 36.05(a)(2) (West Supp. 2015).

[2]In this case, Covington appeals his conviction for tampering with a witness in the underlying prosecution of his forgery charge. In a case arising from the same incident, Covington was also convicted of witness tampering in the underlying prosecution of his charge of possession of a controlled substance. The judgment in that companion witness-tampering case has also been appealed to this Court and is addressed in an opinion released the same date as this opinion in our cause number 06-15-00191-CR.

2

contends that he was egregiously harmed by the trial court's jury charge, which he argues allowed the jury to convict him on a less-than-unanimous verdict of guilty. After setting forth the elements necessary to convict Covington either as a primary actor or as a party, the jury charge instructed the jury that:

> If all of you who did not find the defendant guilty as the primary actor agree that the state has proved, beyond a reasonable doubt, each of the four elements [of party liability] listed above, you must find the defendant "guilty."

> If you all agree the state has failed to prove, beyond a reasonable doubt, either element 1 or 2 above establishing the defendant's guilt as the primary actor, and the state has failed to prove, beyond a reasonable doubt, one or more of elements 1 through 4 listed above establishing the defendant's guilt as a party, then you must find the defendant "not guilty."

> You need not be unanimous about the theory underlying either your "guilty" or "not guilty" verdict. If you all agree the defendant is guilty either as the primary actor (because the state has proved elements 1 and 2 of primary actor liability beyond a reasonable doubt) or as a party (because the state has proved elements 1 through 4 of party liability beyond a reasonable doubt), then you must find the defendant "guilty." If you all agree the state has failed to prove, beyond a reasonable doubt, either element 1 or 2 of primary actor liability and has failed to prove, beyond a reasonable doubt, one or more of elements 1 through 4 of party liability, you must find the defendant "not guilty."

Covington argues that, by instructing the jury that "[y]ou need not be unanimous about the theory underlying either your 'guilty' or 'not guilty' verdict," the trial court allowed the jury to "mix and match," thereby depriving him of his constitutional and statutory right to a unanimous verdict. *See* TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2015). The State responds that a jury is permitted to convict the defendant whether he committed the offense as a primary actor or as a party, and that unanimity on either one of those theories is not required.

3

We agree that, when the defendant is charged with a single offense, unanimity as to whether he committed the offense as a primary actor or as a party is not required.

To review alleged jury charge error, we employ a two-step process. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

When reviewing a jury instruction that charges the jury disjunctively, as here, we first determine whether the application paragraphs involve different criminal acts, or whether they merely involve different means of committing a single criminal offense. *Holford v. State*, 177 S.W.3d 454, 461 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). If they charge different criminal acts, then the charge must provide that the jury cannot return a guilty verdict unless it unanimously agrees that one of the criminal acts was committed. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005); *Holford*, 177 S.W.3d at 461. However, if the paragraphs instruct the jury as to different theories, or means, of committing the same offense, then the jury does not have to be unanimous as to the theory, or means, as long as it is unanimous that the offense was committed. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Holford*, 177 S.W.3d at 461.

The cases cited by Covington each involved disjunctive charges that charged different criminal acts. *See Stuhler v. State*, 218 S.W.3d 706, 718–19 (Tex. Crim. App. 2007) (unanimity required where two different offenses of injury to child, depending on kind and degree of injury);

4

*Ngo*, 175 S.W.3d at 744 (unanimity required on at least one offense when these three offenses charged together: stealing credit card, receiving stolen credit card with intent to use, and presenting stolen credit card with intent to obtain benefit); *Francis v. State*, 36 S.W.3d 121, 124–25 (Tex. Crim. App. 2000) (unanimity required on at least one sexual contact with child by touching breast or genitals, when evidence showed two separate incidents of touching breast and two separate incidents of touching genitals).

This case, however, is more similar to *Kitchens*. In *Kitchens*, the jury was charged that they could find the defendant guilty of capital murder if they found him guilty of murder in the course of a sexual assault or in the course of a robbery. *Kitchens*, 823 S.W.2d at 257. Rejecting the defendant's claim that this allowed the jury to convict him on a less-than-unanimous verdict, the Texas Court of Criminal Appeals held that "[i]t is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted."[3] *Id.* at 258 (citing *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (op. on reh'g). In this case, Covington was charged with, and the jury was instructed on, one offense, witness tampering in a forgery case. The indictment charged that Covington contacted Henderson, who was a witness in an official proceeding, with intent to influence her and intentionally and knowingly coerce her, by sending a letter to her, or by directing that a letter be sent to her, coercing her to withhold testimony in the official proceeding. The jury charge allowed the jury to convict Covington of the witness tampering charge as long as they all agreed that he was guilty, regardless

---

[3]Covington does not challenge the sufficiency of the evidence to convict him either as a primary actor or as a party.

of which way he was guilty, as a primary actor or as a party. Since Covington would be responsible whether he sent the letter himself or sent it through another person, the charge merely set forth different theories, or means, of committing the offense. Our sister courts of appeals that have considered this question have reached the same conclusion. *See Zamora v. State*, No. 13-09-00163-CR, 2010 WL 1618875, at *9–10 (Tex. App.—Corpus Christi Apr. 22, 2010, pet. ref'd.) (mem. op., not designated for publication); *Randall v. State*, 232 S.W.3d 285, 293–94 (Tex. App.—Beaumont 2007, pet. ref'd.); *see also*, *Hanson v. State*, 55 S.W.3d 681, 693–94 (Tex. App.—Austin 2001, pet. ref'd.) (no error in jury charge that did not require unanimous agreement on which of two theories of party liability applied to defendant). In addition, the charge clearly states that, even if the jury is not unanimous on the particular theory of responsibility, it must be unanimous that Covington committed the offense, regardless of the basis for his responsibility.

Because the trial court did not err in instructing the jury that it did not have to be unanimous as to the theory of Covington's commission of the offense, we overrule this issue.

*(2)      No Issue Was Preserved Regarding Grand Jurors' Qualifications*

Covington also asserts that the trial court erred in refusing to inquire into the qualifications of the grand jury after a timely request. He contends that, when the trial court denied his pretrial discovery request[4] that the State be ordered to run criminal background checks on each of the grand jurors, it thereby abrogated its statutory duty to inquire into their qualifications.[5] The State responds that a challenge to the grand jury must be made either before the grand jury is seated or,

---

[4]On appeal, Covington does not complain of the denial of his discovery request or argue that the denial was error.

[5]*See* TEX. CODE CRIM. PROC. ANN. arts. 19.22, 19.23 (West 2015).

if that is not possible, through a motion to quash. Since Covington did neither of these, the State argues he has failed to preserve his error. We agree.

In a motion for discovery and inspection of evidence, Covington requested to be given any evidence showing that any grand juror was disqualified because of a conviction or indictment and specifically asked that the State be required to search available databases for such information. At the pretrial hearing addressing discovery requests, the following exchange took place:

> THE COURT: [Covington's attorney] had filed some pretty expansive, omnibus motion for discovery and inspection of evidence. I have gone through that. Most of it is fairly standard, boilerplate stuff. There are a couple of things in here that I had some exception to and maybe a denial of one absent a particular showing.
> Generally speaking, I am aware of the State's open file policy made online. I have not run across a situation yet where anything that the State had was not turned over, and anything that needed to have been obtained, if they didn't have it, they went and got it. Is there anything in particular that you believe you should have that you don't have?
>
> [Defense Counsel]: No, sir. I am not -- that's really boilerplate, and there was nothing specific in that. I just wanted to make sure I covered my bases on that. Although I will inform the Court that I just received -- I have not even reviewed nor reviewed with him -- something with regards to proposed gang affiliation, but that was just provided to me today.
>
> . . . .
>
> THE COURT: I did have -- this one that I have actually never seen, and I am not going to grant absent some kind of legal authority for me to do this. I carefully examine every grand jury panel under oath as to their qualifications. I am not going to have the DA run the criminal history of each grand jury member. That was requested. I have denied that.

Contrary to Covington's assertions in his brief that he requested the trial court at the hearing to inquire into any ground that might disqualify a member of the grand jury, after the trial court's denial of his request, he made no response whatever. Further, in response to the trial court's

7

specific question of whether there was anything in particular that the State had not given him, Covington responded, "No, sir" and represented that his requests were just "boilerplate" meant to cover his bases.

"Preservation of error is a systemic requirement on appeal. If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue." *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009) (citations omitted). In order to preserve a complaint on appeal,

> all a party has to do . . . is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Also, an issue on appeal that does not comport with the objection made at trial presents nothing for appellate review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). At trial, Covington never complained that the trial court had failed to inquire of the qualifications of the grand jurors. Since his issue on appeal does not comport with any complaint made at trial, it presents nothing for our review.

In addition, to the extent that his point of error may be construed as a challenge to the qualifications of the grand jury, he waived any objection he may have had. Any person may challenge the array of a grand jury, or any of its members, before it has been impaneled. TEX. CODE CRIM. PROC. ANN. art. 19.27 (West 2015). "In no other way shall objections to the qualifications and legality of the grand jury be heard." *Id.* The Texas Court of Criminal Appeals has interpreted this statute to mean that any challenge to the grand jury must be made at the earliest

8

opportunity, which normally means when it is impaneled. *Muniz v. State*, 573 S.W.2d 792, 796 (Tex. Crim. App. 1978). If this is impossible, such as when the offense occurs after the grand jury is impaneled, it must be challenged in a motion to quash. *Id*. (citing *Ex parte Covin*, 277 S.W.2d 109, 111 (Tex. Crim. App. 1955)). If a defendant has the opportunity and fails to challenge a grand jury when it is impaneled, he may not challenge it at a later date. *Muniz v. State*, 672 S.W.2d 804, 807 (Tex. Crim. App. 1984) (citing *Armentrout v. State*, 135 S.W.2d 479 (Tex. Crim. App. 1939)). Further, failure to assert the challenge in a motion to quash waives the right to later challenge the grand jury. *Ex parte Covin*, 277 S.W.2d 109, 112 (Tex. Crim. App. 1955). In this case, the record does not reflect whether the grand jury was impaneled before the commission of the offense. However, assuming that it was impaneled before the offense occurred, Covington failed to challenge the grand jury members' qualifications through a motion to quash and has therefore failed to preserve any such complaint.

For these reasons, we overrule this issue.

We affirm the judgment of the trial court.

Josh R. Morriss III
Chief Justice

Date Submitted:    March 17, 2016
Date Decided:    May 25, 2016

Do Not Publish

9