Robert Booker CARMOUCHE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50354.

Court of Criminal Appeals of Texas.

July 14, 1976.

Rehearing Denied Sept. 15, 1976.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Alvin Titus, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of not more than two ounces of marihuana. Punishment was assessed by the court at thirty days.

Appellant contends that the evidence is insufficient to support the conviction.

On December 14, 1973, Officer J. M. Vaughn received information from an informant that he had seen a cigar box containing marihuana in appellant's apartment. The informant gave Officer Vaughn appellant's address in Houston and a description of his car.

Vaughn and two other officers met the informant at the apartment complex. Appellant and a female companion, a Miss McIntire, were loading their belongings into a trailer when the officers arrived. Appellant and his companion drove away. After they had driven about three or four hundred yards on the Gulf Freeway, the officers stopped them and searched the car. During the search, Vaughn found a cigar box containing a half ounce of marihuana.

The evidence is sufficient to show that appellant possessed the marihuana found in the car.

It is contended that the proof does not show that there was a usable amount of marihuana found. The evidence shows that there was a half ounce of marihuana in the cigar box. There was no direct testimony that this was a usable amount.

The Legislature apparently recognized that one fourth ounce of marihuana was a usable amount when it adopted Section 4.05(f) of the Texas Controlled Substances Act. It provides:

"An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one fourth ounce or less without receiving remuneration."

It would be difficult, if not impossible, to conceive that a half ounce of any leafy substance would not be sufficient to make several cigarettes.

We conclude that the evidence is sufficient to establish that appellant possessed a usable quantity of marihuana. See *People v. Locke*, 274 Cal.App.2d 541, 79 Cal.Rep. 367 (4th Cir., Div. 1, 1969).

Complaint is made that the trial court erred in failing to require the State to disclose the identity of the informant. Officer Vaughn testified that the informant saw a cigar box containing marihuana in the apartment. Officers met the informant at the apartment complex. The informant and Officer Vaughn watched appellant and McIntire load their belongings into a car. The informant left before appellant was arrested.

The Supreme Court of the United States in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, wrote:

". . . The purpose of the privilege (informant's privilege) is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

". . .

". . . The problem (of disclosure of informant's identity) is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. . . ."

■ The identity of an informant need not be disclosed unless (1) the informant participated in the offense; (2) was present at the time of the offense or arrest; (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. *Barber v. State*, 511 S.W.2d 937 (Tex.Cr. App.1974); *Enriquez v. State*, 501 S.W.2d 117 (Tex.Cr.App.1973); *Bueno v. State*, 501 S.W.2d 339 (Tex.Cr.App.1973); *Sessions v. State*, 498 S.W.2d 933 (Tex.Cr.App.1973). See also *Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). In the instant case the informant was not present at the time appellant was arrested nor was the informant a participant in the offense. Appellant contends, however, that the informant was a material witness because the informant would have established whether appellant knowingly possessed the marihuana found in the cigar box. The informant told Officer Vaughn that he saw marihuana in appellant's apartment. Marihuana was found in appellant's car.

■ Even if it could be assumed that the informant could testify that appellant knowingly possessed marihuana in the apartment, this would not make him a witness to the possession of marihuana in the car.

Appellant relies upon *James v. State*, 493 S.W.2d 201 (Tex.Cr.App.1973). In *James*, the informant brought the defendant and the undercover agent together and was present when the sale was consummated. The informant in the instant case was neither present at the time of the offense nor did he initiate or participate in the offense. The *James* case is not applicable.

We hold that the trial court did not err in refusing to require the State to disclose identity of the informant.

■ Appellant next contends that the trial court erred in allowing Officer McDonald to testify that the substance found in the cigar box was Cannabis Sativa L. McDonald testified that the cigar box contained marihuana. We recently held in *Williams v. State*, 524 S.W.2d 705 (Tex.Cr. App.1975), that the Texas Controlled Substances Act prohibits possession of all species of marihuana. Thus, McDonald's testimony that the cigar box contained marihuana was sufficient to establish that the substance found in the cigar box was marihuana as that term is defined in the Texas Controlled Substances Act.

In sixteen grounds of error, appellant contends that the arrest and subsequent search were not based upon probable cause.

Officer Vaughn testified that the informant, who had provided him with accurate information on prior occasions, told him that appellant possessed marihuana in the apartment that day. The informant related that he had seen it in a cigar box. He also related to the officer that appellant was then loading his car and preparing to leave town. Shortly after the officers arrived at the apartment complex, they saw the appellant and another loading a trailer and then drive away.

■ There was sufficient evidence for the trial judge to conclude that the informant was reliable and there were enough underlying facts and circumstances to establish probable cause. *Rangel v. State*, 444 S.W.2d 924 (Tex.Cr.App.1969).

■ There was sufficient evidence before the judge for him to conclude that the

officers did not have time to obtain a warrant and the arrest and search of the car without a warrant were authorized. See *Truitt v. State*, 505 S.W.2d 594 (Tex.Cr.App. 1974).

No error has been shown. The judgment is affirmed.

ROBERTS and ODOM, JJ., dissent for the reasons stated in the dissenting opinion in *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr. App., this day decided).

ONION, Presiding Judge (concurring).

For the reasons stated in *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr.App.), this day decided, I concur in the results.