612 S.W.2d 616 (1981)
Ralph Guadalupe TOVAR, Appellant,
v.
The STATE of Texas, Appellee.
No. 66789.
Court of Criminal Appeals of Texas, Panel No. 3.
March 11, 1981.
*617 William W. Burge, Houston, for appellant.
John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., and Marie Vonkrosigk, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.
Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION
TOM G. DAVIS, Judge.
Appeal is taken from an order revoking probation.
The judgment in this cause recites that on March 10, 1978, following his plea of guilty in a trial before the court, appellant was convicted "of the offense of unlawfully with intent to deliver, intentionally and knowingly possess a controlled substance, namely, marijuana." Punishment was assessed at 5 years, probated, and a fine of $1500.00. Appellant's probation was revoked on February 13, 1980.
At the outset, we are confronted with unassigned error which requires reversal in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. The indictment in the primary offense alleges in pertinent part that on January 12, 1978, appellant did:
"intentionally and knowingly possess marijuana in a usable quantity of more than four ounces.
"COUNT TWO
"And the Grand Jury further presents that in Harris County, Texas, Ralph Guadalupe Tovar, hereafter styled the Defendant, heretofore on or about January 12, 1978, did then and there unlawfully with intent to deliver, intentionally and knowingly possess a controlled substance, namely, Marijuana."
The record reflects that the State dismissed and abandoned the first count of the indictment. Appellant was tried and convicted under the second count of the indictment.
The offenses of possession and delivery of marihuana are proscribed by the Controlled Substances Act, Art. 4476-15, Sec. 4.05, V.A.C.S., in the following manner:

*618 "Sec. 4.05. (a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.
"(b) An offense under Subsection (a) of this section is:
"(1) a felony of the third degree if he possesses more than four ounces;
"(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;
"(3) A Class B misdemeanor if he possesses two ounces or less.
"(c) The possession of marihuana may not be considered a crime involving moral turpitude.
"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.
"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.
"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."
In order to allege a felony offense, an indictment for the delivery of marihuana must allege the amount of marihuana delivered or whether the delivery was for remuneration. Ex Parte Barcelo, Tex.Cr.App., 577 S.W.2d 499; Ex Parte Osbourn, Tex.Cr. App., 574 S.W.2d 568; Whitaker v. State, Tex.Cr.App., 572 S.W.2d 956. Likewise, in order to allege a felony offense, an indictment for possession of marihuana must allege that the defendant possessed a usable quantity of marihuana of more than four ounces. Art. 4476-15, Sec. 4.05(b)(1), supra; Lejeune v. State, Tex.Cr.App., 538 S.W.2d 775.
In the instant case, the first count of appellant's indictment sufficiently alleged felony possession of marihuana. However, the State dismissed and abandoned the first count of the indictment. See Suarez v. State, Tex.Cr.App., 532 S.W.2d 602. We find that the second count of the indictment, under which appellant was convicted, does not allege an offense. Initially, we note that an intent to deliver marihuana does not constitute a "delivery" under the Act.[1] The second count does not allege a felony delivery in that it does not allege an amount of marihuana delivered or whether there was a delivery for remuneration. Nor does the second count allege a felony possession in that it does not allege the possession of a usable quantity of marihuana of more than four ounces.
The judgment is reversed and the indictment is ordered dismissed.
NOTES
[1] Sec. 1.02(8), supra, provides:

"(8) `Deliver' or `delivery' means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree."