John Douglas PATTESON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–034–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 4, 1982.

Rehearing Denied March 25, 1982.

Ted Redington, Dallas, for appellant.

George McCall Secrest, Jr., Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for attempted capital murder. The court found the appellant guilty and assessed punishment at five years imprisonment. We overrule appellant's ground of error alleging fundamentally defective indictment for failure to use the phrase "act that is beyond mere preparation . . .", and we also overrule appellant's evidentiary grounds of error relating to lie detector test results. We affirm.

 In his first ground of error, appellant asserts that the indictment is fundamentally defective because it fails to allege an element of the offense of attempted capital murder. Appellant's specific allegation is that the act of stabbing with a knife is not such an "act that is one beyond mere preparation but fails to effect the commission of the offense intended" and that the failure to include the quoted language in the indictment rendered the indictment fundamentally defective. The indictment in question alleged:

"... with the intent to commit capital murder and while in the course of committing or attempting to commit burglary, *attempt to cause the death of Hal S. Hudson, hereinafter styled the complainant, by intentionally cutting and stabbing the complainant with a knife.*"

An indictment alleging criminal attempt, as the offense is contemplated by Tex. Penal Code Ann. § 15.01 (Vernon 1974) is sufficient if it alleges sufficient facts from which a legal conclusion can be drawn that the actor did an act amounting to more than mere preparation that tends but failed to effect the commission of the offense intended; therefore, in such cases, it is unnecessary to use the exact language of Section 15.01. *Hobbs v. State*, 548 S.W.2d 884, 886 (Tex.Cr.App.1977); *Colman v. State*, 542 S.W.2d 144 (Tex.Cr.App.1976); *Morrison v. State*, 625 S.W.2d 729 (Tex.Cr.App. 1981). In *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App.1979), the indictment was almost identical to the one in the instant case and the appellant there made the same contention. The court in rejecting that contention stated: "While simple acquisition and possession of a weapon would, in most situations, be preparation, putting that weapon to use to inflict injuries clearly goes beyond preparation. By alleging that appellant attempted to cause death *by stabbing*, the State has alleged an act beyond mere preparation which fell short of the intended offense of murder." *Hart v. State, supra* at 678. We find the *Hart v. State* case dispositive on this issue and accordingly overrule appellant's first ground of error.

In his second ground of error appellant urges that the trial court erred in allowing evidence of the results of polygraph examinations in violation of the Due Process clauses of the Federal and State Constitutions. Appellant on appeal claims that polygraph evidence initially introduced by him over the State's objections as well as the State's rebuttal polygraph evidence violate Due Process. It is important to clarify the sequence of events relating to appellant's second ground of error. After the State rested its case in chief, appellant took the stand and denied he was the assailant and presented evidence of an alibi. Through a polygraph operator of the Sheriff's Department, appellant, over the timely and proper objection of the State, presented evidence of a pre-trial polygraph examination given to appellant by such witness and the successful results of the examination to

the effect he was being truthful. Appellant successfully persuaded the trial court to admit such evidence on appellant's argued theory that such evidence was admissible in a non-jury trial as opposed to a jury trial. Appellant in oral argument to this appellate court now admits such evidence was unequivocally inadmissible pursuant to case law. *Robinson v. State*, 550 S.W.2d 54 (Tex.Cr.App.1977); *Fernandez v. State*, 564 S.W.2d 771 (Tex.Cr.App.1978); *Romero v. State*, 493 S.W.2d 206 (Tex.Cr.App.1973).

Thereafter, the State, in rebuttal, through the chief polygraph examiner of the Pasadena Police Department, offered and introduced into evidence results of polygraph examinations of the complaining witness, his wife and fourteen year old daughter, all of whom had previously identified appellant as the assailant and which results indicated they were also telling the truth. Appellant made only a general objection to such evidence on the basis that no proper predicate had been laid. During cross-examination of the State's polygraph expert witness, appellant, in open court, then requested the State's polygraph expert to give a second polygraph test to the appellant. Pursuant to appellant's request a second polygraph test was administered to the appellant, the results of which were introduced by the State over appellant's general objection that no proper predicate had been laid. The results of that second test of appellant were interpreted by both the State's polygraph expert and the appellant's polygraph expert to indicate appellant was not being truthful. Both polygraph operators were shown to be qualified.

During an evidentiary hearing of the appellant's amended motion for a new trial, the trial court answered affirmatively on the record to appellant counsel's question of whether the polygraph test results above described were considered in determining the guilt or innocence of the defendant. The State argues that the new trial hearing and record is a nullity because it was held eight days after the amended new trial motion had been overruled by operation of law, that no bill of exceptions was made and that no valid record evidence exists to establish that the court considered such polygraph evidence in reaching a verdict. A record on a new trial hearing is a nullity and cannot be considered if the hearing was not held timely. *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979). The instant amended new trial motion and hearing is governed by art. 40.05 Tex.Code Crim.Pro. prior to the September 1, 1981 amendment and had been overruled by operation of law eight days prior to the hearing. The State argues that since there is no valid record evidence the court considered the polygraph test results in reaching his decision at the guilt-innocence phase, there is a presumption in a non jury case the court disregarded any evidence that was improperly admitted. *Komurke v. State*, 562 S.W.2d 230 (Tex.Cr.App.1978); *Kimithi v. State*, 546 S.W.2d 323 (Tex.Cr.App.1977). Nevertheless, since the trial court stated on the record during the new trial hearing that the polygraph test results were considered in his verdict, and since the trial court approved the record of such hearing, we believe such statement can serve as an informal bill of exceptions on the subject. Art. 40.10 Tex.Code Crim.Pro.; Rule 372 Tex. Rules Civ.Pro.; Rule 381 Tex.Rules Civ.Pro. In view of such record, we do not believe the issue at hand should be resolved by an indulgence in the well settled presumption applicable in a non jury case that the court did not consider inadmissible evidence. We therefore decide this case on the record evidence the trial court did consider the various results of the lie detector tests in arriving at his verdict.

Results of polygraph examinations are inadmissible for all purposes on proper objection. *Fernandez v. State, supra* at 773, but the Court of Criminal Appeals has held that polygraph evidence is admissible where under the particular facts of the case, "the appellant 'opened the door' for the State to introduce the complained of testimony." *Lucas v. State*, 479 S.W.2d 314, 315 (Tex.Cr.App.1972). The court in *Lucas* further relied upon Tex.Code Crim. Pro.Ann. art. 38.24 (Vernon 1979) to justify

the rebuttal polygraph evidence by the State which provides:

> When part of an act, declaration, or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence.

Other cases in which it has been held that the defendant opened the door for rebuttal polygraph evidence are *Rodriguez v. State*, 170 Tex.Cr.R. 295, 340 S.W.2d 61 (1960); *Leach v. State*, 548 S.W.2d 383 (Tex.Cr.App. 1977). It is seen from these cases that polygraph test evidence has been admitted in Texas without violating any Constitutional right of Due Process.

Polygraph test evidence likewise has not been heretofore excluded in Texas on the basis it violates the Due Process clauses of the Federal and State Constitutions. They have been heretofore excluded when a proper objection has been made because the Texas Court of Criminal Appeals has felt the tests are scientifically unproven. *Romero v. State*, 493 S.W.2d 206 (Tex.Cr. App.1973). There does exist a view polygraph test results should now be deemed admissible in the courts of Texas. See Judge Roberts' dissent in *Fernandez v. State*, 564 S.W.2d 771, 774 (Tex.Cr.App. 1978) where he equates the scientific reliability of polygraph test results with the scientific reliability of psychiatric testimony held admissible in death penalty cases on the issue of whether a defendant would commit criminal acts of violence that would constitute a continuing threat to society. Again, no Constitutional violation of Due Process is involved.

■ Our decision here is not based on whether polygraph test results should or should not in ordinary circumstances be deemed admissible. It is our opinion that while the trial court in the instant case should not have permitted the introduction of polygraph test evidence by the appellant over the State's objection, we believe appellant opened the door for rebuttal polygraph evidence by the State, and further by requesting a second polygraph examination in open court in cross-examination during trial, he also opened the door for the State's introduction of the results of the second test in view of all the attending circumstances. Our holding is limited to the peculiar facts of this case, and we do not believe the State has a right to introduce unlimited polygraph rebuttal evidence. There was never any objection or contention by appellant at trial this type polygraph evidence was inadmissible per se, or that it was scientifically unproven. Appellant convinced the court to admit polygraph test evidence initially over objection of the State, and the only objection made by appellant to any of the rebuttal polygraph evidence was that no proper predicate had been laid without specifying the lack of any particular predicate. He did not make any objection to evidence that polygraph tests were given to all of such witnesses in question. It was only the results of such tests offered by the State which were objected to by appellant on the general ground of no proper predicate.

In our view the admittance of appellant's polygraph evidence and the State's rebuttal polygraph evidence under the peculiar facts of this case does not amount to an abridgment of due process under State and Federal Constitutions. Appellant is precluded from now objecting to a procedure he initiated, invited and insisted on because to do so would allow the appellant to take advantage of his own wrong. *Jones v. State*, 153 Tex.Cr.R. 345, 220 S.W.2d 156, 158 (1949). Appellant's actions in successfully obtaining admission of his polygraph test results was a purposeful act and was not inadvertent. Appellant's second ground of error is overruled.

■ In his third through sixth grounds of error, appellant argues that the trial court erred in allowing the polygraph examination results of Hal Hudson, Ann Hudson,

Lori Hudson and appellant's second test into evidence because the proper predicate had not been laid. Appellant in his brief contends the lack of predicate he now relies on was that "the subjects were suitable for accurate polygraph tests." Appellant then duly admits that it is difficult to specify what constitutes a proper predicate and he cites no case authority as to what is a proper predicate. In the trial court, he did not specify any particular lack of predicate complained of, and further did not object to evidence the tests were made. An objection that a proper predicate has not been made is too general and does not merit consideration. *Canada v. State*, 589 S.W.2d 452, 454 (Tex.Cr.App.1979); *Boss v. State*, 489 S.W.2d 582 (Tex.Cr.App.1972); *Paige v. State*, 573 S.W.2d 16 (Tex.Cr.App.1978); *Harris v. State*, 565 S.W.2d 66, 69 (Tex.Cr. App.1978); *LaBome v. State*, 624 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1981). Appellant's third through sixth grounds of error are overruled.

The judgment is affirmed.