**Randall KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 971–83.**

Court of Criminal Appeals of Texas, En Banc.

April 25, 1984.

James M. Murphy, Dallas, for appellant.

Grant Jones, Dist. Atty., Jack E. Hunter, Steve Schiwetz and Jeffery A. Babcock, Asst. Dist. Attys., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of possession of over four ounces of marihuana. The Court of Appeals affirmed the conviction and this Court granted appellant's petition for discretionary review to consider the ground of error attacking the sufficiency of the indictment to allege an offense.

In relevant part the indictment alleged:

"... Randall King, hereinafter styled defendant, on or about the 1st day of December, A.D. 1980, ... did then and there intentionally and knowingly possess marihuana in an amount of more than four ounces."

It is appellant's position that the indictment does not allege an offense because it fails to allege the marihuana possessed was "a usable quantity." In disposing of this ground of error the Court of Appeals wrote:

"Grounds of error two through four refer to the language defining the offense in the indictment and the jury charge. The appellant complains that an element of the offense was omitted. The indictment charges that Randall King did 'intentionally and knowingly possess marihuana in an amount of more than four ounces' and the charge to the jury tracked that language. The statute in effect at the time provided that it was an offense to knowingly or intentionally possess a usable quantity of marihuana and further provided that possession of more than four ounces was a felony. Tex.Rev.Civ.Stat.Ann. Art. 4476–15 4.05 (Vernon 1976).

"The appellant complains that the omission of the words 'usable quantity' renders the indictment defective. The Court of Criminal Appeals has determined that this phrase was inserted to prevent conviction for possession of trace amounts. *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr.App.1976). Therefore, the minimum quantity requirement of 'usable amount' is applicable to the lowest grade, a Class B misdemeanor prohibiting possession of two ounces or less. See Tex.Rev.Civ.Stat.Ann. Art. 4476–15 § 4.05(b)(3) (Vernon 1976); current version is § 4.051(b)(1) (Vernon Supp.1982). 'More than four ounces' and 'usable quantity' both define the amount of marihuana in the defendant's possession. With the exception of Class B misdemeanors, use of a minimum quantity term is superfluous when the indictment already charges 'more than four ounces.'

"The appellant relies on *Tovar v. State*, 612 S.W.2d 616 (Tex.Cr.App.1981) which held that an indictment for possession of marihuana was defective. Unlike the case before us, the *Tovar* indictment lacked any allegation of quantity. We hold that this indictment sufficiently sets forth the elements of the offense as intended by the Legislature. The second ground of error is overruled."

In his petition for discretionary review appellant contends the decision of the Court of Appeals is in conflict with some of the prior opinions of this Court. We will review some of those cases. In the earliest, *Lejeune v. State*, 538 S.W.2d 775, the Court gave considerable attention to the matter of the use of "usable quantity" in the statute:

"It is clear from the above that the elements of the offense of possession of marihuana are (1) a person (2) did knowingly or intentionally (3) possess (4) a usable quantity of (5) marihuana (6) amount possessed in ounces as set forth in statute. See 4 Branch's Tex.Anno., 3rd ed. (Auxiliary Penal Statutes), Penal Statutes, p. 215.

"In the instant case the State recognized that a usable quantity was a necessary element of the offense when it so alleged in the revocation motion that appellant possessed a usable quantity of marihuana.

"The wording of said Section 4.05 of the Controlled Substances Act does not reveal the legislative intent for the inclusion of the 'usable quantity' requirement for possession of marihuana, and since the section is part of a comprehensive act, none of the usual sources for determining legislative intent is readily apparent. It appears though the Legislature intended to eliminate from criminal penalty the possession of 'trace' amounts of marihuana. In construing former Article 725b, Vernon's Ann.P.C., concerning possession of narcotics and which provided possession of any quantity of marihuana was sufficient, this court in *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957), held that to constitute a violation,

the amount of marihuana possessed must be 'such as is capable of being applied to the use commonly made thereof.' The court noted that marihuana was mostly commonly smoked in a cigarette. Under this test a number of convictions were upheld where only small amounts of marihuana were involved, i.e., *Parson v. State*, 432 S.W.2d 89 (Tex.Cr.App. 1968)(1.41 grams of marihuana); *Tuttle v. State*, 410 S.W.2d 780 (Tex.Cr.App. 1966) (63 milligrams of marihuana); *Mitchell v. State*, 482 S.W.2d 223 (Tex. Cr.App.1972) (.0074 grams of marihuana). See also and cf. *Taylor v. State*, 505 S.W.2d 927 (Tex.Cr.App.1974); *Terrill v. State*, 531 S.W.2d 642 (Tex.Cr. App.1976).

"In *Reyes v. State*, 480 S.W.2d 373 (Tex.Cr.App.1972), the court held that the court-imposed minimum quantity requirement of *Pelham* did not apply to cases where the accused *knowingly* possessed the narcotic.

"With these precedents in mind, it appears the Legislature in enacting Section 4.05 of the Controlled Substances Act sought to overrule the holding in *Reyes*, supra, for it established a minimum quantity requirement (usable quantity) which applies even when the drug is *knowingly* possessed.

"While it can be assumed that the requirement of a 'usable quantity' was intended to eliminate prosecutions for 'trace' possession of marihuana, it is observed that proof of 'usable quantity' was not limited by the statute to cases involving possession of under two ounces of marihuana. As drafted, the statute requires proof of a 'usable quantity' in all possession cases regardless of the amount possessed."

Decided the same day as *Lejeune* was *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr. App.1976). In holding the evidence was sufficient to prove possession of a usable quantity of marihuana, the Court held:

"It is contended that the proof does not show that there was a usable amount of marihuana found. The evidence shows that there was a half ounce of marihuana in the cigar box. There was no direct testimony that this was a usable amount.

"The Legislature apparently recognized that one fourth ounce of marihuana was a usable amount when it adopted Section 4.05(f) of the Texas Controlled Substances Act. It provides:

" 'An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one fourth ounce or less without receiving remuneration.'

"It would be difficult, if not impossible, to conceive that a half ounce of any leafy substance would not be sufficient to make several cigarettes.

"We conclude that the evidence is sufficient to establish that appellant possessed a usable quantity of marihuana. See *People v. Locke*, 274 Cal.App.2d 541, 79 Cal.Rptr. 367 (4th Cir., Div. 1, 1969)."

In *Tovar v. State*, 612 S.W.2d 616, relied on by appellant, the indictment alleged *neither* that the marihuana possessed was a usable quantity, *nor* the amount possessed. As observed by the Court of Appeals in this case, this distinguishes *Tovar* from the instant case. In *Cooper v. State*, 648 S.W.2d 315 (Tex.Cr.App.1983), it was stated, "Clearly, this Court may take judicial notice that a certain amount of marihuana is a usable quantity" (although evidence in that case was not sufficient to show an amount constituting a usable quantity).

 We find the holding of the Court of Appeals is not in conflict with prior decisions of this Court. The Court of Appeals did not hold that "usable quantity" was not an *element*. It merely held that such an allegation would be "superfluous when the indictment already charges 'more than four ounces.' " We agree. The factual allegation of the sufficient quantity possessed in this case was a usable quantity. It is not necessary to use the exact words of the statute where the facts alleged are sufficient to constitute an allegation comprehensive of the statutory term. Art. 21.-17, V.A.C.C.P.; *Phillips v. State*, 597 S.W.2d 929, 934 (Tex.Cr.App.1980); *Patte-*

*son v. State*, 633 S.W.2d 549 (Tex.App.—Houston [14] 1982). Such was the case here.

The judgment of the Court of Appeals is affirmed.