**Charles Ellis JOSEPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–87–00569–CR, 04–87–00570–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 26, 1988.

28 grams of lysergic acid diethylamide and the other for possession of less than 28 grams of cocaine. The indictments were consolidated for purposes of pretrial and trial by jury. The jury returned a verdict of guilty in both cases, and the court assessed punishment at eight years confinement in each cause to run concurrently.

The cases resulted from the execution of a search warrant on the apartment of the appellant in Kerrville, Texas.[1]

The appellant's three points of error complain of the failure of the trial court to compel the State to identify its informer, the failure of the trial court to suppress the evidence seized, and the error of the trial court in admitting into evidence a letter seized during the execution of the search warrant.

The appellant contends that "as a matter of record" the informer was a material witness. He bases this strictly on the statement in the search warrant affidavit that the confidential source had been to the

M. Scott Stehling, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is a joint appeal for two separate convictions, one for possession of less than

---

1. The affidavit for the search warrant alleged the following facts as the basis for a finding of probable cause:

 Affiant is a police officer of the City of Kerrville, Police Department, currently assigned to the narcotic investigation.

 Affiant received information from a confidential source that a quantity of a controlled substance to-wit: a useable quantity of marihuana was being kept and concealed at apartment # 805 of the Kerrville Plaza Apartments located at 1000 Paschal St. Kerrville, Texas. Confidential source further advised that the controlled substance to-wit: a useable quantity of marihuana was being kept and concealed by CHARLES ELLIS JOSEPH b/m, DOB/10-01-53. Affiant received this information on 3-31-87.

 Apartment # 805 of the Kerrville Plaza Apartments is under the control of Charles Ellis Joseph as proven by the Lower Colorado River Authority Utility records and also the Kerrville Telephone Company records.

 Confidential source has been to the above described place within the past 48 hours and has observed suspected party in possession of a controlled substance to-wit: a useable quantity of marihuana. Suspect has been reported to transport by c (sic) marihuana. Confidential source has no criminal record with the Kerrville Police Department or the Texas Department of Public Safety. Confidential source is gainfully employed in the City of Kerrville. Affiant talked with the pastor of a local community church in which the confidential source attends. Pastor advised that the confidential source has a reputation of being honest and trustworthy in the community and in the church.

 Affiant does not wish to divulge the identity of the confidential source for security reasons.

 On a earlier date, 3-18-87, a letter was received at the Kerrville Police Department that was signed, "A Concerned Citizen." In this letter the writer advised that a telephone number had come to his/her attention and that connecting circumstances have lead him/her to believe that it was a telephone number of a drug dealer with the initials C.J. Writer further advised that the telephone number 257-7365 had been changed to 257-2304 and again with the initials C.J.

 Writer does not wish to divulge any further information or his or her name as it would be dangerous to him or her and their source of information.

 On 3-19-87 Officer Ken Crosthwait of the Kerrville Police Department, called the Kerrville Telephone Company and found the telephone numbers 257-7365 and 257-2304 had been disconnected but both had belonged to Charles Ellis Joseph apartment # 805 of 1000 Paschal St. Kerrville, Texas.

 A computerized criminal history check was then performed on Charles Ellis Joseph B/M, D.O.B./10-01-53. This check revealed that Charles Ellis Joseph had a prior arrest for possession of a controlled substance.

premises in question within the past 48 hours. He argues that the informer was the only witness who might have testified to appellant's possible lack of knowledge of the contraband's contents and that the informer's testimony might have disclosed an entrapment. He contends that the circumstances of the case demonstrated that the informer's "possible testimony was highly relevant and might have been helpful to the defense."

▇▇ The identity of an informant need not be disclosed unless the informant (1) participated in the offense (2) was present at the time of the offense or arrest or (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex.Crim.App.1976). The United States Supreme Court has recognized that the privilege against non-disclosure of the informer must give way when it is essential to a fair determination of the cause. The Court recognized that the proper balance between law enforcement's interest in non-disclosure and the individual's right to prepare his defense depends on the particular circumstances of each case. *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639, 646 (1957). The fact that the informer was present within 48 hours preceding the issuance of the search warrant was not a showing that he was present at the time of the offense or the arrest, that he participated in the offense, or that he was a material witness to the transaction. The first point of error is overruled.

▇▇ Under the second point of error the appellant argues that the affidavit failed to set out facts authorizing the magistrate to issue the search warrant. As we understand the argument of appellant, he is contending that the facts alleged are either stale or conclusory. Magistrates and reviewing courts should interpret affidavits and search warrants in a common sense and realistic fashion, viewing same from a totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Faulkner v. State*, 537

S.W.2d 742, 744 (Tex.Crim.App.1976). Applying those standards to the affidavit before us, we conclude that the magistrate was justified in finding that probable cause existed in issuing the search warrant. The second point of error is overruled.

The last point of error concerns the admission into evidence of a letter found by one of the officers while the search warrant was being executed. The letter was in an envelope addressed to Charles E. Joseph at 1000 Paschal # 805, Kerrville, Texas. The letter itself stated in part:

Dear Sir Charles,

Made it alright [sic] to Oklahoma ... I didn't have anything to get high with. Send me some until I can meet somebody up here. Hope it's not any problem with you at this time. I sure would like to get high.

In the trial court the appellant objected to the letter, because it was not relevant to the issues before the jury, was too remote in time to establish the appellant's knowledge of the controlled substance found, was hearsay, was seized without probable cause, and was seized under a search warrant for marijuana that did not authorize reading "everybody's mail." The trial court found that the exhibit was relevant to the appellant's culpability with reference to possession of the controlled substances alleged in the indictment.

The appellant's only argument on appeal is that the letter was not described in the search warrant and was seized by virtue of an illegal general exploratory search conducted by the officers, citing *Stanford v. Texas*, 379 U.S. 476, 485–86, 85 S.Ct. 506, 511–12, 13 L.Ed.2d 431 (1965). He also cites *Scoggan v. State*, 736 S.W.2d 239, 245 (Tex.App.—Corpus Christi 1987, pet. ref'd, pet. granted) for authority that "mere evidence" cannot be seized under a search warrant that does not particularly describe the items in the body of the warrant.

*Scoggan* correctly sets out the general rule that evidence not described in a search warrant but seized pursuant to the warrant is admissible if found in plain view by officers who have a right to be where they are, is inadvertently discovered, and is im-

mediately apparent to the officers that they have evidence before them. However, the case involved a search warrant issued under TEX.CODE CRIM.PROC.ANN. art. 18.02(10) for various photographs constituting evidence tending to show that the defendant committed an offense. The officers seized other items of "mere evidence" in violation of TEX.CODE CRIM.PROC. ANN. art. 18.01(d), which prohibits the seizure of anything under an art. 18.02(10) search warrant except the specifically described property or items set forth in the search warrant.

The search warrant in our present case was issued to search for and seize a controlled substance to-wit, marihuana. Therefore the prohibition under art. 18.-01(d) against the seizure of "mere evidence" did not apply.

 "Mere evidence," as distinguished from the fruits or instrumentalities of a crime, may be seized by officers provided there is a nexus between the items seized and the crime under investigation. *Chambers v. State,* 508 S.W.2d 348, 352 (Tex. Crim.App.1974). The "mere evidence" should be examined in terms of cause to believe that the evidence will aid in a conviction. *Warden v. Hayden,* 387 U.S. 294, 307, 87 S.Ct. 1642, 1650, 18 L.Ed.2d 782, 792 (1967). The letter and the envelope were seized and retained for the purpose of showing the defendant's occupancy of the premises as bearing upon the issue of his possession of the marihuana and other controlled substances found therein. *Oubre v. State,* 542 S.W.2d 875, 877 (Tex.Crim.App. 1976). The letter was relevant to the issue of who occupied the apartment and who possessed the drugs seized therein. The nexus between the search for marihuana and the evidence of criminal behavior was thus established. *Herrera v. State,* 561 S.W.2d 175, 179 (Tex.Crim.App.1978) (en banc). The third point of error is overruled.

The judgment of conviction is affirmed.