**Homer Vernon FRANCIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–405–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 7, 1989.

Randy McDonald, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before SEERDEN, UTTER and BENAVIDES.

## OPINION

SEERDEN, Justice.

Appellant pled nolo contendere to theft. Punishment, enhanced by two prior felony convictions, was assessed at 25 years in the Texas Department of Corrections. We affirm.

In his first point of error, appellant alleges that the trial court erred in denying his pretrial motion for continuance. In his second point of error, appellant contends that the plea of nolo contendere was not entered pursuant to the type of plea bargain which would allow an appeal from the pretrial continuance ruling and, because appellant's right to appeal this ruling was a part of the bargain, the plea was involuntary. Since the second point raises jurisdictional issues, we will address it first.

Generally, a plea of guilty or nolo contendere waives any nonjurisdictional error occurring before the entry of the plea. *Helms v. State*, 484 S.W.2d 925, 927 (Tex. Crim.App.1972). Since 1977, a defendant pleading guilty or nolo contendere before the court may appeal nonjurisdictional matters under limited circumstances. *Morgan v. State*, 688 S.W.2d 504, 506 (Tex.Crim. App.1985); *see Rosenkrans v. State*, 758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd). A defendant may only appeal pretrial nonjurisdictional matters if he shows:

(1) the existence of a plea bargaining agreement with the State;

(2) the punishment assessed by the trial court is within that recommended by the prosecutor and agreed to personally by the defendant, and

(3) the basis of the appellate ground of error has been presented in writing, pretrial, to the trial court for consideration OR the trial court has given permission to pursue an appeal in general or upon specific contentions.

*Padgett v. State,* 764 S.W.2d 239, 240 (Tex. Crim.App.1989); *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App.1981).

■ Appellant contends that there was no agreed plea bargain in this case and therefore he cannot appeal the court's pretrial ruling. He further alleges that since he pled guilty with the understanding that the pretrial motion for continuance would be preserved for appellate review, the plea was involuntary.[1]

As noted above, appellant pled nolo contendere to the offense of theft. To the enhancement allegations, however, appellant pled "not true." Appellant argues that no plea bargain existed because a fact issue on punishment was before the court. He points out that if the enhancement provisions had been found "not true" the maximum punishment for the theft alleged would have been ten years. While appellant correctly states the facts which occurred, we disagree with his conclusion that a plea bargain agreement did not exist.

Appellant, his attorney, the State's attorney, and the trial court signed a written document filed as State's exhibit one, setting forth the agreement between appellant and the State. It shows that appellant agreed to the State's punishment recommendation of 25 years and stipulated that he had been convicted of the prior felony offenses.[2]

Despite the "not true" plea, we find sufficient evidence in the written documents to show that the nolo plea was entered pursuant to a plea bargain, that appellant personally assented to the State's punishment recommendation, and that the trial court assessed punishment in accordance with that recommendation. Appellant may appeal the trial court's ruling on his motion for continuance. Tex.R.App.P. 40(b)(1). Appellant's second point of error is overruled.[3]

■ The State contends for the first time in its appellate brief that this Court lacks jurisdiction to consider the appeal because appellant's notice of appeal failed to comply with Tex.R.App.P. 40(b)(1). The Rule provides that:

if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

The State cites our holding in *Garcia Rodriguez v. State,* 750 S.W.2d 906 (Tex. App.—Corpus Christi 1988, pet. ref'd) in support of its position. Unlike the record in Garcia Rodriguez, the record in this case shows that the trial court specifically gave appellant permission to appeal the "pretrial motion hearings" at the time the plea was entered. In addition, appellant's counsel specifically noted that he would appeal the motion-for-continuance ruling. The written plea agreement shows that appellant reserved his right to appeal the motion for continuance, as does the trial court's docket sheet.

Although appellant has made no attempt to amend his notice of appeal since the State filed its brief, as in *Jones v. State,*

---

1. If appellant is correct, we must reverse the conviction since we would not have jurisdiction to consider appellant's continuance point on the merits. *See Broddus v. State,* 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *Galitz,* 617 S.W.2d at 951.

2. We note that the trial court did not comply specifically with Tex.Code Crim.Proc.Ann. art. 26.13(a)(2) (Vernon 1989) by asking if the plea was the result of a plea bargain. *See Otero v. State,* 768 S.W.2d 848 (Tex.App.—Corpus Christi

1989, no pet.). Such an inquiry should be made on the record.

3. The State also contends that the plea was not conditional because the trial court did not assure appellant that he would be able to appeal the pretrial continuance ruling. Because we find that the plea was entered pursuant to a plea bargain, thereby allowing the ruling to be appealed, we will not address this portion of the State's argument.

762 S.W.2d 330 (Tex.App.—Austin 1988, rev. granted), we will suspend the requirements of Rule 40(b)(1) to protect appellant's right to appeal. Tex.R.App.P. 83. *See Campbell v. State*, 747 S.W.2d 65, 66–67 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Under such circumstances the State could not have been misled by appellant's failure to strictly comply with Rule 40(b)(1). The trial court granted appellant permission to appeal in open court, and the plea agreement setting out appellant's intention to appeal the continuance ruling was signed by the State. We therefore overrule the State's challenge to our jurisdiction.

■ In his first point of error, appellant contends that the trial court erred in overruling his motion for continuance which he sought because of his inability to locate Ray Clemons, who had been arrested with appellant. Appellant testified at the motion hearing that Clemons committed the theft. Appellant testified that Clemons told persons at the police department that appellant had not committed the crime, but the police released Clemons. Appellant's attorney, David Mitcham, testified that he had never talked to Clemons but believed that Clemons would admit that he, not appellant, committed the crime. Appellant introduced no probative evidence to show that Clemons would appear and testify in this manner if a continuance were granted.

■ A trial court's ruling on a motion for continuance will not be disturbed unless the court abused its discretion. *King v. State*, 656 S.W.2d 544, 548 (Tex.App.—Corpus Christi 1983), *aff'd*, 675 S.W.2d 514 (Tex.Crim.App.1984). If the testimony in support of a motion does not indicate a probability that the evidence can be secured by a continuance or if it shows that granting the motion would delay the trial indefinitely, the court may properly refuse the request. *Varela v. State*, 561 S.W.2d 186, 191 (Tex.Crim.App.1978); *King*, 656 S.W.2d at 548. Appellant failed to show any probability that the witness would be available if a continuance were granted, or that Clemons would, indeed, testify. Thus

we find no abuse of discretion. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.