Gaudencio Garcia **GARCIA, Appellant,**

v.

The **STATE of Texas, Appellee.**

Hermenegildo Rivas **SOSA, Appellant,**

v.

The **STATE of Texas, Appellee.**

Nos. 13–90–199–CR, 13–90–200–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 20, 1990.

Hector J. Villarreal, Lloyd W. Willis, Edinburg, for appellants.

Luis V. Saenz, Co. Crim. Dist. Atty., Brownsville, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

■ Gaudencio Garcia Garcia and Hermenegildo Rivas Sosa each were indicted for the offense of possession of more than 400 grams of cocaine. Pursuant to a negotiated plea, each was rearraigned and pled

guilty to the lesser offense of possession of less than twenty-eight grams of cocaine. The trial court assessed punishment for Sosa at twelve years in the Texas Department of Criminal Justice and assessed punishment for Garcia at eighteen years in the Texas Department of Criminal Justice. Appellants raise three points of error, all related to the trial court's failure to suppress evidence. We affirm the trial court's judgments.

The record shows that appellants were initially indicted for possession of over 400 grams of cocaine. Appellants were tried together and their case proceeded to trial. At the end of the second day of testimony, the trial court overruled appellants' pretrial motion for suppression of evidence. The second day after the trial court's ruling, the court reconvened and appellants asked to be rearraigned. Subsequently, pursuant to an agreement with the State, appellants waived their jury trial and pled guilty to the lesser included offense of possession of less than twenty-eight grams of cocaine. Although there is no statement of facts of this hearing, the transcript contains the court's admonishments to appellants and their signed plea agreements which stipulated to certain evidence. The docket sheet indicates that subsequent to their guilty pleas, evidence was presented and that evidence was sufficient to sustain a finding of guilty.

The trial court did not assess punishment at that hearing but, instead, recessed until pre-sentence investigations could be prepared. There is no indication in the record that appellants bargained with the State regarding their punishment. Appellants' signed pleas indicate that the only agreement with the State was that they could plead guilty to the lesser included offense. The only mention of punishment in the record is the written acknowledgement that the possible range of punishment was two to twenty years with a fine of up to $10,000. Sentences were imposed six weeks after trial. The judgments are silent regarding whether the State made any recommendations on punishment or whether the trial court told appellants that they could appeal their pre-trial motions. The judgments state that appellants entered their pleas knowingly and voluntarily.

Generally, a plea of guilty waives any non-jurisdictional error occurring before the entry of the plea. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972); *Francis v. State*, 774 S.W.2d 768, 769 (Tex. App.—Corpus Christi 1989, no pet.). Since 1977, however, a defendant pleading guilty before the court may appeal non-jurisdictional matters under limited circumstances. *Morgan v. State*, 688 S.W.2d 504, 506 (Tex. Crim.App.1985); *Francis*, 774 S.W.2d at 769. A defendant may only appeal pre-trial non-jurisdictional matters if he shows:

> (1) the existence of a plea bargaining agreement with the State;
>
> (2) the punishment assessed by the trial court is within that recommended by the prosecutor and agreed to personally by the defendant, and
>
> (3) the basis of the appellate ground of error has been presented in writing, pretrial, to the trial court for consideration OR the trial court has given permission to pursue an appeal in general or upon specific contentions.

*Francis*, 774 S.W.2d at 769–70 (citing *Padgett v. State*, 764 S.W.2d 239, 240 (Tex. Crim.App.1989) and *Galitz v. State*, 617 S.W.2d 949, 951 (Tex.Crim.App.1981)).

■ We first determine whether there was a plea bargain in this case. For a plea bargain to exist, the following are required: (1) that an offer be made or promised, (2) by an agent of the State in authority, (3) to promise a recommendation or sentence or some other concession such as a reduced charge in the case, (4) subject to the approval of the trial judge. *Wayne v. State*, 756 S.W.2d 724, 728 (Tex.Crim.App.1988); *see also Scott v. State*, 690 S.W.2d 256, 258 (Tex.Crim.App.1985). The State agreed to allow appellants to plead guilty to a reduced charge. The trial judge approved such pleas. Hence the agreements in this case were plea bargains.

■ In this case, however, the record indicates that there was no agreed term of punishment or that the State recommended any specific punishment.[1] *See Scott*, 690 S.W.2d at 259–60 (Clinton, J. concurring).

---

1. Had there been an agreed amount of punishment which had been recommended by the

**22**

Additionally, there is no indication that the trial court told appellant that he could appeal his pre-trial motions.[2] Hence, relief by appeal pursuant to *Francis* is not available. Appellants' pleas are simply voluntary and knowing guilty pleas to a bargained charge. Since non-jurisdictional matters cannot be raised on appeal when a guilty plea is entered to an original charge without an agreement regarding punishment, *Helms*, 484 S.W.2d at 927, we hold that, likewise, non-jurisdictional matters cannot be raised on appeal when a guilty plea is entered to an agreed lesser charge without an agreement regarding punishment. Appellants' three points of error which contend that the trial court erred in overruling their pre-trial motions to suppress evidence obtained during a search are all non-jurisdictional complaints which have been waived and cannot be brought on appeal.

The trial court's judgments are AFFIRMED.

---

State and approved by the trial court, the extent of the grounds on which a defendant meeting these conditions can appeal when he has entered a guilty plea would have been regulated by Rule 40(b)(1) of the Texas Rules of Appellate Procedure. *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990). If an appellant wishes to appeal a matter which is non-jurisdictional in nature or occurred before the entry of his plea, then he must conform to the requirements of Rule 40(b)(1) and include within his notice of appeal what the grounds of appeal are and the fact that he has received permission from the trial court to appeal those matters. *Jones,* 796 S.W.2d at 186. Specifically, Rule 40(b)(1) requires that the notice "shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." Tex.R.App.P. 40(b)(1).

**2.** A defendant who, without benefit of a plea bargain, has entered a guilty plea conditioned on his being able to appeal has entered a plea which is not voluntary and knowing, and the cause will be reversed and remanded to the trial court. *See Davila v. State,* 767 S.W.2d 205, 205–06 (Tex.App.—Corpus Christi 1989, no pet.). A guilty plea under such circumstances is an impermissible conditional plea of guilty. *Davila,* 767 S.W.2d at 206; *Christal v. State,* 692 S.W.2d 656, 656 n. 2 (Tex.Crim.App.1985).