

# NUMBER 13-18-00582-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DWANE EARL PALMER,                                       **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

## On appeal from the County Court at No. 2
## of McLennan County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Chew[1]
### Memorandum Opinion by Justice Chew

Appellant Dwane Earl Palmer appeals his jury trial conviction for possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121. The trial court sentenced

---

[1] Retired Eighth Court of Appeals Chief Justice David Wellington Chew, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

Mr. Palmer to 150 days' confinement.

Mr. Palmer was driving in Moody, Texas[2] when he was stopped by Moody Chief of Police Roger Kennedy because his car did not have a front license plate. Chief Kennedy subsequently found that Mr. Palmer's driver's license was invalid and arrested Mr. Palmer. An inventory search of the car led to the discovery of a bag of marihuana in the speaker box inside the trunk. The marihuana was entered into evidence at trial and Chief Kennedy, the State's only witness, testified that based on his training and visual observation, the bag contained marihuana. In one issue, Mr. Palmer contends that the evidence is legally insufficient to support the conviction.

## I.    STANDARD OF REVIEW

To determine whether the evidence is sufficient, we consider all the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

Sufficiency is measured by the essential elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc). "Such

---

[2] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240. The essential elements of possession of marihuana are: (1) a person (2) knowingly or intentionally (3) possesses a usable quantity of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121.

## II. DISCUSSION

Mr. Palmer contends that the evidence is insufficient because there was no evidence presented regarding what species of marihuana he possessed, and the State relied solely on the officer's testimony.

## A. Species of Marihuana

First, Mr. Palmer argues that the Texas Court of Criminal Appeals erroneously found that the Legislature's definition of marihuana encompasses all genera of that plant because "the plain meaning of the statute" defines marihuana "as a single strain of the marijuana family of plants." Mr. Palmer states that "scientists have now found that at least three genera of marijuana exist, [and therefore,] the foundational finding that all marijuana is the same is now eroded."

Mr. Palmer concedes that under current Texas law, possession of marihuana is illegal, even assuming there are different species of the plant. *See Carmouche v. State*, 540 S.W.2d 701, 703 (Tex. Crim. App. 1976); *Williams v. State*, 524 S.W.2d 705, 710 (Tex. Crim. App. 1975). But, Mr. Palmer asks us to construe the statute to require that the State prove beyond a reasonable doubt that the strain of marihuana possessed is

Cannibus sativa L. We decline to do so.

In *Carmouche*, citing *Williams*, the court stated, "the Texas Controlled Substances Act prohibits possession of all species of marihuana." 540 S.W.2d at 703 (citing *Williams*, 524 S.W.2d at 710). In *Williams*, addressing the same issue that the evidence failed to show that the plant was Cannabis sativa L, the court stated, "We cannot conclude that the Legislature of Texas intended to limit offenses relating to marihuana to those cases in which it was shown that the species involved was sativa L. and exempt other species, if indeed there are various species of marihuana." *Williams*, 524 S.W.2d at 710. Thus, the issue has been settled by the Texas Court of Criminal Appeals in *Carmouche* and *Williams*. *See Carmouche*, 540 S.W.2d at 703; *Williams*, 524 S.W.2d at 710. Accordingly, because the Texas Court of Criminal Appeals has already determined that possession of all species of marihuana is prohibited under the statute, the State was not required to prove the specific species of the marihuana plant possessed by Mr. Palmer in this case.[3] *See Williams*, 524 S.W.2d at 710; *Carmouche*, 540 S.W.2d at 703; *Gonzales v. State*, 190 S.W.3d 125, 130 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("[A]s an intermediate appellate court, we must follow the binding precedent of the Court of Criminal Appeals."); *see also Capuano v. State*, No. 05-04-01832-CR, 2006 WL 321964, at *4 (Tex. App.—Dallas Feb. 13, 2006, no pet.) (mem. op., not designated for publication) ("Regardless of this controversy over the number of species, the [statute] prohibits the possession of all species and varieties of the cannabis genus or

---

[3] Appellant invites us to reconstrue the statute and reach a conclusion contrary to the court of criminal appeals' interpretation of the statute. However, we are bound by the precedent set by the Texas Court of Criminal Appeals. *See Gonzales v. State*, 190 S.W.3d 125, 130 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

'marijuana.'").

**B.      Officer's Testimony**

Next, Mr. Palmer argues that the evidence was insufficient because the "State used only the arresting officer's sensory faculties purportedly to identify the seized substance as marijuana."  It is well settled that a police officer may testify based on his experience and training that the substance possessed is marihuana and that testimony is sufficient to prove that the substance is marihuana.  *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Deshong v. State*, 625 S.W.2d 327, 330 (Tex. Crim. App. 1981) (concluding that the officer's testimony alone was sufficient to prove that the substance was marihuana); *Campos v. State*, 716 S.W.2d 584, 588 (Tex. App.—Corpus Christi–Edinburg 1986, no pet.) (holding that the testimony of an experienced police officer was sufficient to identify the substance as marihuana); *see also Morales v. State*, No. 13-98-00555-CR, 2000 WL 34251157, at *14 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2000, no pet.) (mem. op., not designated for publication) ("An experienced peace officer may be qualified to testify that a certain green leafy substance is marihuana.") (citing *Ward v. State*, 659 S.W.2d 643, 645 (Tex. Crim. App. 1983); *Houlihan v. State*, 551 S.W.2d 719, 724 (Tex. Crim. App. 1977); *Jordan v. State*, 486 S.W.2d 784 (Tex. Crim. App. 1972); *Miller v. State*, 330 S.W.2d 466 (1959)).

Here, Chief Kennedy testified that, during a search of Mr. Palmer's vehicle, the officers found a green leafy substance that Chief Kennedy determined to be marihuana.  Chief Kennedy stated he had seen marihuana "countless times" and determined that the substance was marihuana based on his training and visual observation.  While showing the jury the substance found by the officers, the

5

prosecutor asked Chief Kennedy to explain how he determined it was marihuana. Chief Kennedy replied that he recognized the leaves, which are referred to as buds. Chief Kennedy stated, "These buds are dried, and they're put into various devices to smoke. And you can see that they're still—they're still attached to the stem of the—of the plant." Chief Kennedy testified that the substance had "a strong odor commonly associated with marijuana," and said, "Fresh [unburned] marijuana has a sweet smell, almost like sage, spice. It gives off two distinct odors."

Viewing all the evidence in the light most favorable to the verdict, we conclude a rational fact finder could have found that the substance found in Mr. Palmer's car was marihuana beyond a reasonable based on Chief Kennedy's testimony. *See Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99; *Osbourn*, 92 S.W.3d at 537 (determining that a police officer can identify the odor of marihuana smoke and citing cases wherein lay persons identified the odor of raw unburned marihuana); *Campos*, 716 S.W.2d at 588 (finding that the evidence was sufficient to show that the substance found was marihuana solely based on officer's testimony); *see also Moody v. State*, No. 13-08-00212-CR, 2009 WL 2605904, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2009, pet. ref'd) (mem. op., not designated for publication) (stating "[t]he Texas Court of Criminal Appeals has consistently held that experienced police officers are 'qualified to testify that a green leafy plant substance is marihuana'" and listing case law from the court of criminal appeals which has done so); *Morales*, 2000 WL 34251157, at *14. Thus, the evidence was legally sufficient to support the conviction. We overrule Mr. Palmer's sole issue.

6

### III. CONCLUSION

We affirm the trial court's judgment.

DAVID WELLINGTON CHEW,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2019.